(No. 13612.—Appeal dismissed.)
EDWARD GILSON, Appellant, *vs.* PETER GAERDNER *et al.*
Appellees.

*Opinion filed December 21, 1920.*

APPEALS AND ERRORS—*when appeal in election contest should be dismissed.* An appeal in an election contest should be dismissed where the record shows that an order sustaining a motion to dismiss the petition was entered by agreement of the parties and shows no judgment of any character against the petitioner other than the dismissal.

APPEAL from the County Court of St. Clair county; the Hon. J. B. MESSICK, Judge, presiding.

L. R. OSTERHAUS, for appellant.

F. J. TECKLENBURG, for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

The appellant filed his petition in the county court of St. Clair county to contest the election of appellees as assistant supervisors from the town of Belleville, in said county. The election was held April 6, 1920, and the returns were canvassed by the city council of the city of Belleville on the 19th day of April. At the election in question three assistant supervisors were to be elected. The petition avers that the appellant is a legally qualified voter of Belleville, Illinois; that on the 6th day of April, 1920, an election was held in said city, and that among the offices to be filled at said election were those of three assistant supervisors; that the appellant was a candidate, with five others, for said office; that after the polls were closed on the day of the election, the judges thereof in the various precincts counted the ballots therein voted for the several candidates and certified the result to the city clerk of the city of Belleville; that the city council thereof, by a committee, examined and

295—22

canvassed the ballot sheets and declared Nick Flach, Balthaser Peter and Peter Gaerdner elected; that the canvass showed the total number of ballots cast to be 5033, and that Peter Gaerdner received 2506, William J. Claus 2267, William Daubach 2377, Balthaser Peter 2520, Nick Flach 2617 and appellant 2504; that the canvass of the votes for said office is incorrect and erroneous; that as a matter of fact the appellant received 2509 and should have been declared elected; that the result as determined by the city council as to the votes cast in the second precinct of the seventh ward is erroneous, in that the ballot sheet shows that appellant received a total of 146 votes in said precinct while he is only credited with a total of 141 votes; that said five votes, if added to the number credited to appellant by the canvassers, would make the total amount received by appellant 2509, being more votes than received by Gaerdner, one of the appellees declared to be elected by said canvass. The petition prays that the ballots cast at the election be recounted and for a certificate of election to appellant if he be found to have received more votes than either of the appellees so declared elected by the canvassing board. Appellee Gaerdner filed his demurrer to the petition, and leave was granted appellant to amend the same. No amendment was filed, petitioner apparently having decided to abide his petition. Thereupon Gaerdner filed his motion to dismiss, which was sustained by the court. Appellant prayed an appeal to this court, which was granted upon filing bond in the sum of $150, to be approved by the clerk of the county court, together with bill of exceptions to be filed within ninety days. The appeal bond was filed within the time fixed by the order of the trial court. No bill of exceptions was filed. The record shows no judgment other than one of dismissal entered by the trial court against petitioner and no costs taxed against him.

The abstract and record show the following: "Parties present in court, and by agreement motion to dismiss made

by the defendant is by the court sustained." The only error assigned on the record is that the county court erred in sustaining the demurrer and denying the prayer as contained in the original petition.

While the petition fails to set out the points upon which petitioner would seek to contest the election, and is therefore demurrable, the record shows that the order of dismissal in this case was entered by agreement of the parties and shows no judgment of any character against the appellant other than the dismissal, by agreement, of appellant's petition. There is therefore no basis for an appeal and the appeal should be dismissed.

Counsel in argument state that there was no agreement to the order of dismissal. As we understand the record, however, it shows such an agreement. There appears to have been no attempt to correct the record.

*Appeal dismissed.*