Charles Ross et al., Appellants, v. Wrightwood-Hampden Building Corporation et al., Appellees.

**Gen. No. 36,047.**

Opinion filed May 24, 1933. Rehearing denied June 7, 1933.

HAROLD J. FINDER, for appellants.

SABATH, PERLMAN, GOODMAN & REIN, for appellees.

MR. JUSTICE HEBEL delivered the opinion of the court.

This case comes before this court upon an appeal by the plaintiffs from an order vacating a judgment for $31,553.12 entered by confession against the defendants under a warrant of attorney contained in a promissory note executed by the several defendants.

The judgment was entered on July 26, 1929, and an execution was issued and served on August 1, 1929, on Ben E. Borgeaus personally and as president of each of the following named corporations: Wrightwood-Hampden Building Corporation, 428 St. James Building Corporation, Park Central Apartments Building Corporation, 444 St. James Building Corporation, and 629 Deming Building Corporation. All of these defendant corporations were organized under the laws of the State of Illinois.

On September 14, 1929, the defendant corporations made a motion to vacate the judgment entered in the above-entitled cause, supported by an affidavit of one Dorothy Kalcheim, sworn to by her, in which she states that affiant is the agent of the defendant corporations and makes the affidavit for the reason that "Ben E. Borgeaus, the president of said corporations, is not in the jurisdiction at the present time."

The affiant further states, in substance, that the corporations are not indebted to the plaintiffs; that if any money was due the plaintiffs, they have been fully paid; and that the note was evidence of a debt due from Borgeaus personally, or the Borgeaus Construction Company, and that the act of the said Ben E. Borgeaus in executing the said note and in seeking to bind the said corporations was and is beyond his power as president of said corporations; that the corporations are not permitted by their corporate powers to pay any indebtedness of others, and that such note is ultra vires.

It appears from the record that no action was taken on the motion to vacate the judgment until March 5, 1932, when the court considered the motion and affidavit in support of said motion.

After an examination and consideration of the affidavit filed in support of the motion, we are satisfied that it is sufficient to support said motion of the defendant corporations.

The question then is, Was the court justified in vacating the judgment and dismissing the plaintiffs' suit upon the ground that the note on its face was void? It is clear that issues were not joined by the parties and that evidence was not heard, except the consideration by the court of the affidavit in support of the defendants' motion.

The defendants contend that the single question for this court's decision is, Can five building corporations,

organized under section 3 of the Corporation Act, Cahill's St. ch. 32, ¶ 3, lawfully execute and deliver their joint and several note and render each of the defendants liable for the full amount of the principal and interest?

The general rule is that a corporation may properly execute a promissory note by its proper officer, for the purpose of carrying on the business for which the corporation is organized. A corporation may also execute by its proper officer a promissory note containing a warrant to confess judgment for the amount due upon the face of thé note, and the presumption is that the officer executing the judgment note had the necessary authority, and that presumption will prevail until it is overcome by evidence. *State Bank v. Moline Steel Co.,* 283 Ill. 581.

It is also a rule of law that several corporations may enter into a joint contract necessary to carry on the express or implied powers for which the corporation is organized. It necessarily follows that one or more corporations may execute a judgment note, and thereby become liable if the liability so entered into is for the benefit of the corporation, and in order to carry on the purposes for which the corporation is incorporated. *Marine Bank of Chicago v. Ogden,* 29 Ill. 248; *New York and Sharon Canal Co. v. The Fulton Bank,* 7 Wend. (N. Y.) 412; *Midland Tel. Co. v. National Tel. Co.,* 236 Ill. 476.

It is presumed that the negotiable instrument is based upon valuable consideration—section 24 of the Negotiable Instruments Act, Cahill's St. ch. 98, ¶ 44, which provides that "every negotiable instrument is deemed *prima facie* to have been issued for a valuable consideration, and every person whose signature appears thereon to have become a party thereto for value."

When the court considered the note this section applied, and it is essential that evidence should have been heard in order to overcome the *prima facie* case.

The court erred in assuming from an examination of the note that the corporations were without power to execute the note. Whether the note was executed outside of the power granted to the corporations by the State, is largely one of fact. It may be that the evidence will develop that the corporations joined in the execution of the note in question to be used to pay a liability incurred by and for the benefit of the several corporations. In the instant case the court should have entered an order opening the judgment and granting leave to the defendants to plead, the judgment to stand as security until the final hearing.

The plaintiffs complain of laches of the defendants in failing to call up their motion to vacate. We are not impressed with the contention that the failure of the defendants to act promptly deprived the plaintiffs of their security. If the plaintiffs wished to preserve their rights, it would have been well if they had acted at the earliest moment and not have depended upon the defendants to press their motion. The plaintiffs had notice of the motion and if they were content to wait for the action of the defendants, they are not now in a position to complain.

For the reasons given in this opinion the order of dismissal of plaintiffs' suit will be set aside and the cause remanded with directions to proceed in conformity with the views expressed in this opinion.

*Order reversed and cause remanded with directions.*

WILSON, P. J., and HALL, J., concur.