## Thomas W. Moore, Appellee, v. Monarch Distributing Company, Appellant.

Opinion filed March 1, 1941.

JOHN M. KARNS and HAROLD J. BANDY, both of East St. Louis, for appellant.

ROBERT RUTLEDGE and PHILIP G. LISTEMAN, both of East St. Louis, for appellee.

MR. JUSTICE DADY delivered the opinion of the court.
This is an appeal by defendant from two orders of the city court of East St. Louis denying defendant's motion and petition to vacate a judgment by confession taken by plaintiff against defendant.

Plaintiff has filed a motion to dismiss the appeal on the ground that defendant has failed to include in the

concluding subdivision of the statement of the case, a brief statement of the errors relied upon for reversal, in violation of rule 39 of the Supreme Court and rule 9 of this court. Each of such rules, so far as the point in question is concerned, provides that ''The concluding subdivision of the statement of the case (in the printed brief of appellant) shall be a brief statement of the errors or cross-errors relied upon for a reversal.'' While the language used in the brief of appellant is informal, and while more formal language is preferred, we do not understand that either of such rules requires the use of any particular language. We have examined such brief and in our opinion it sufficiently complies with such rules. The motion to dismiss is accordingly denied and we shall proceed to consider the case on the merits.

Defendant is an Illinois corporation. Plaintiff is a former president of the corporation. On February 20, 1940, plaintiff filed his attachment affidavit in which he alleged that the defendant was indebted to him in the sum of $3,000 for which defendant had given him promissory notes and that defendant was about to fraudulently conceal, assign or otherwise dispose of its property so as to hinder or delay its creditors. Plaintiff's attachment bond required by statute was duly filed and approved on same day. Thereupon, on the same day, a writ of attachment was issued returnable March 18, 1940, which writ was returned by the sheriff on February 24, 1940, showing service upon defendant and a levy upon defendant's account in the sum of $1,708.66 in the First National Bank of East St. Louis.

On March 9, 1940, plaintiff filed his complaint in the attachment proceeding alleging that defendant was indebted to him upon its 4 judgment notes for $500 each, executed by Lee E. Miller, president of the defendant corporation. Each note provided for attorney's fee of $15 upon a confession of judgment, and each note by its terms was due at the time of the commencement of

the suit. On the same date plaintiff filed a separate cognovit, that is a cognovit not attached to the complaint, in and by which cognovit judgment was confessed, and the court entered judgment on such complaint and cognovit against the defendant for $2,060 and costs. Both the complaint and cognovit were filed and the judgment was entered before any appearance was filed by defendant or its attorneys, and without any actual notice having been given to defendant or its attorneys.

On March 11, 1940, defendant filed a traverse to plaintiff's affidavit of attachment, and a demand for a jury trial.

Defendant's attorneys withdrew a copy of the complaint from the court files on March 9, 1940, but did not secure a copy of the cognovit and apparently did not become aware that such cognovit had been filed or that such judgment had been entered until June 12, 1940, when the case was called for trial. In the meantime, on March 14, 1940, defendant had filed its answer denying the material allegations of the complaint and alleging as a further defense that defendant received no consideration for the notes and that the notes had been executed without proper authority.

When the case was called for trial on June 12, 1940, one of plaintiff's attorneys in his opening statement to the jury stated that the attachment issue was the only question to be tried because the plaintiff had already obtained judgment by confession on March 9, 1940. Defendant's counsel thereupon moved for a continuance on the ground that they had no knowledge of the confession and wished to present a defense, which motion was granted and the cause was continued.

On June 17, 1940, defendant filed its motion and affidavit to vacate plaintiff's judgment, which motion set up two distinct grounds for vacating the judgment: (1) that the court had no jurisdiction to render a judgment by confession in an original action of attachment;

and (2) that the defendant had a meritorious defense to the action in that the notes had been executed without any consideration received by the defendant and without proper authority.

On July 9, 1940, without filing any counteraffidavits, plaintiff filed his motion to strike defendant's motion and affidavits. On July 11, 1940, a hearing was held on both motions and an order was entered under which plaintiff's motion was allowed and defendant's motion to vacate was stricken.

On July 13, 1940, defendant filed a petition to open up the judgment and to permit the defendant to answer, which petition set forth substantially the same grounds for vacating the judgment as defendant's earlier motion, but certain additional affidavits were attached thereto, the effect of which we shall later consider. On July 15, 1940, the court denied the prayer of the petition. This appeal is brought to review the orders of July 11, 1940, and July 15, 1940.

Defendant first contends that there is no authority under the attachment statute for taking a confession of judgment and that a judgment by confession rendered in an attachment suit is null and void. Section 1 of the Attachment Act provides in part as follows: ". . . a creditor having a money claim, whether liquidated or unliquidated, and whether sounding in contract or tort, may have an attachment against the property of his debtor. . . ." The act then goes on to provide that the creditor seeking an attachment shall file an affidavit setting forth the nature and amount of his claim, after which a writ is issued specifying a particular return date. The creditor is then required to file his complaint 10 days before such return date, and if the complaint is so filed defendant is required to file his answer or otherwise make his appearance on or before the return date. Plaintiff followed all of this procedure and up to the time of taking judgment by confession clearly brought himself within the scope of the act. The affidavit filed by plaintiff was a proper affidavit, and the

complaint which plaintiff later filed did not differ from the ordinary complaint based on a note or any other contractual indebtedness except that the complaint alleged the execution of the power of attorney contained in such judgment notes, and asked for a judgment for the amount alleged to be due to him including attorney's fees.

We find nothing in the Attachment Act which prevents the filing in an attachment proceeding of such a complaint and the taking in such proceeding of a judgment by confession thereon. The suit for judgment by confession in this case was no more than an ordinary common-law action differing from the ordinary suit only in the fact that summons was unnecessary. (*Schwartz v. Schwartz,* 366 Ill. 247.) The benefit of the provisions of our Attachment Act is not confined to any particular form of action. (*Humphreys v. Matthews,* 11 Ill. 471.) The act has been construed to permit a suit by attachment upon a judgment upon which the plaintiff is entitled to execution at the time of issuing the writ. (*Young v. Cooper,* 59 Ill. 121.) We do not consider that the case of *French v. Willer,* 126 Ill. 611, in which it was held that the court had no jurisdiction to enter a judgment by confession for the possession of premises under a warrant of attorney contained in a lease, as opposed to our views in this case. The basis for the decision in that case was that there was no warrant either under the statute or the common law for taking such a confession, and that the court was, therefore, without jurisdiction to act. No such question can be raised as to the power of the court to permit a confession of judgment upon a note. In fact the practice of entering judgments in debt on warrants of attorney is so old that the date of its origin is unknown. (*French v. Willer,* 126 Ill. 611; *Schwartz v. Schwartz,* 366 Ill. 247.)

We do not think that the rights of the defendant in this case were prejudiced in any way by the entry of the judgment by confession. The defendant, by its

judgment notes, authorized a confession of judgment without notice. After the judgment was taken the defendant had and exercised its right to make a proper defense both to the attachment and to the judgment by confession. The trial court permitted the defendant to file its motion to vacate the plaintiff's judgment even after the commencement of the trial and defendant was not deprived of any of its rights by reason of the procedure which was followed in this case. It is our conclusion that the trial court did not exceed its jurisdiction in entering the judgment by confession although plaintiff commenced his suit under the attachment statute.

Defendant's next point is that the trial court should have opened up the judgment taken by plaintiff and allowed the defendant to plead.

After striking the defendant's original motion to vacate plaintiff's judgment, the court permitted defendant to file its petition to vacate, which petition set up all of the grounds urged in the original motion and differed in substance only in the nature of the affidavits which were attached to the petition. The order of July 15, 1940, was the final order entered in the case and we deem it unnecessary to consider the propriety of the earlier order of July 11, 1940.

Rule 26 of the Rules of Practice and Procedure of the Supreme Court prescribe the procedure to be followed to open up a judgment by confession, and the sufficiency of the petition and affidavits filed by defendant on July 13, 1940, must be judged by the requirements set forth in such rule. In substance, defendant's petition stated that defendant had a meritorious defense to the whole of plaintiff's demand, and the nature of this defense was set forth in the attachment affidavit of Joseph S. Meyer, the president of the defendant corporation. In this affidavit, the affiant in effect reaffirmed the statements made by him in the earlier affidavit attached to the original motion and

also stated that if he were called upon as a witness he could competently testify as to the truth of the statements made in his original affidavit. The form of this petition and affidavit sufficiently met the requirements of.rule 26 and the only question is the legal sufficiency of the facts therein set forth.

These alleged facts (which we are required to assume to be true) appear from the face of the affidavit and are that: Plaintiff was president of defendant corporation and owner of 248 of its 250 outstanding shares of stock until July 1, 1939, when he transferred said shares of stock to Lee E. Miller; the unpaid part of the purchase price of said shares to be paid to plaintiff was $2,000; the said Lee E. Miller on July 1, 1939, was elected president of defendant corporation and on said date he delivered to plaintiff the 4 promissory notes which are the basis of this suit, signing them Monarch Distributing Company, Inc., by Lee E. Miller, president; defendant did not receive any consideration for said notes from plaintiff or any other person and said notes were delivered to plaintiff to pay the debt of Lee E. Miller and not the debt of defendant; the act of the said Lee E. Miller in signing defendant's name to said notes was beyond the power conferred upon him as president of said corporation; said transaction did not have the sanction of the board of directors or the stockholders of defendant; the said Lee E. Miller was acting for himself and not for defendant when he signed said notes; no action was ever taken by the officers or directors of defendant authorizing Lee E. Miller as president or otherwise to execute said notes, and that the charter of defendant did not empower it to execute notes of this kind.

We think that this affidavit sufficiently set forth the lack of any authority on the part of the then president of the defendant corporation to execute the notes on behalf of the company and that said petition and affidavit disclosed a prima facie defense to plaintiff's com-

346

plaint. An affidavit setting forth facts substantially similar to those contained in defendant's affidavit was held sufficient to support a motion to vacate, in the case of *Ross v. Wrightwood-Hampden Bldg. Corp.*, 271 Ill. App. 22.

The record does not show any lack of diligence on the part of the defendant in asserting this defense after receiving actual notice of the confession, and it is our conclusion that the trial court erred in refusing to open up plaintiff's judgment and in refusing to allow the defendant leave to plead. The case is accordingly reversed and remanded with directions to proceed in conformity with the views expressed in this opinion.

*Reversed and remanded.*