Donald J. Eaton, Plaintiff-Appellant, v. Stuart Lee Shields and Winnona M. Shields, Defendants, Archie D. Worm and Walter C. Turner, Defendants-Appellees.

### Gen. No. 11,227.

Second District, Second Division.

April 2, 1959.

Rehearing denied May 6, 1959.

Released for publication May 6, 1959.

Sidney S. Deutsch, of Rock Island, for appellant.

James C. Allen, of Aledo, for appellees.

JUSTICE CROW delivered the opinion of the court. The plaintiff, Donald J. Eaton, obtained on August 8, 1957, a judgment by confession on a promissory note

in the sum of $1,175, and costs, against the four defendants, Stuart Lee Shields, Winnona M. Shields, Archie D. Worm and Walter C. Turner, in the County Court of Mercer County. On September 7, 1957, two of the defendants, Archie D. Worm and Walter C. Turner, made a motion, supported by the affidavit of one of them, to open up, or set aside, the judgment as to them, and for leave to plead to the complaint, accompanying the motion with a demand for a jury trial and a proposed verified answer. On September 14, 1957, a document styled "Stipulation," signed by the plaintiff and those two defendants, by their respective attorneys, was filed, stipulating as follows:

"1. That a copy of the Motion to Open Judgment, etc., filed in the office of the Clerk on the 7th day of September, 1957, to which was attached the affidavit of Archie D. Worm and the proposed verified answer of said defendants, has been duly served upon plaintiff's attorney.

"2. That an order may be entered herein, instanter, setting aside the judgment entered herein on the 8th day of August, 1957, as to the said defendants, Archie D. Worm and Walter C. Turner, said judgment, however, to stand as security until the final disposition of this cause.

"3. That nothing herein contained shall be construed as an admission by the plaintiff or his said attorney, that the motion or attached papers discloses a meritorious defense to the cause of action herein."

On the same date, September 14, 1957, the verified answer of those two defendants was filed.

On March 18, 1958, a trial was had before the court and a jury. The jury returned a verdict finding the issues for the plaintiff and that at the date of rendition of the judgment by confession there was due the plaintiff from the defendants, Archie D. Worm and Walter C. Turner, the sum of $451.37. The court on

March 19, 1958, entered a judgment order on the verdict to the effect that the judgment by confession rendered in favor of the plaintiff of August 8, 1957 be reduced to the sum of $451.37 as to the defendants Archie D. Worm and Walter C. Turner, for which amount it was confirmed and ordered to stand as of the date of rendition. The plaintiff's post-trial motion for relief was denied. The plaintiff, Donald J. Eaton, appeals from this judgment order of March 19, 1958.

In the praecipe for trial court record, prepared by the plaintiff-appellant, the complaint, cognovit, judgment of August 8, 1957, motion to set aside judgment, answer of the defendants Worm and Turner, stipulation, verdict, judgment order of March 19, 1958, notice of appeal, proof of service, praecipe, proof of service, original report of proceedings, post-trial motion, additional praecipe, and proof of service are included in the list of documents etc. to be incorporated in the transcript of record for appeal, but there is no reference in the praecipe to, and in the record there is a complete absence of, any order sustaining those defendants' motion of September 7, 1957 to open the judgment by confession, or opening the judgment by confession of August 8, 1957, pursuant to the stipulation of September 14, 1957. No mention is made by any party to this appeal of this omission, but the record definitely shows no order entered pursuant to the stipulation sustaining those defendants' motion to open or opening the judgment by confession.

Supreme Court Rule 23, as to opening of judgments by confession (Ch. 110, Ill. Rev. Stats., 1957, par. 101.23), reads:

*"A motion to open a judgment by confession* shall be supported by affidavit in the manner provided by Rule 15 for summary judgments, and shall be accompanied by a verified answer which defendant proposes to file. If the motion and affidavit disclose a prima facie de-

fense on the merits to the whole or a part of the plaintiff's demand, the court shall set the motion for hearing. The plaintiff may file counter-affidavits. If, at the hearing upon the motion, it appears that the defendant has a defense on the merits to the whole or a part of the plaintiff's demand and that he has been diligent in presenting his motion to open the judgment, *the court shall sustain the motion* either as to the whole of the judgment or as to any part thereof as to which a good defense has been shown, and *the case shall thereafter proceed to trial* upon the complaint, answer, and any further pleadings which are required or permitted. *If an order is entered opening the judgment, but not otherwise,* defendant may assert any counterclaim, and plaintiff may amend his complaint so as to assert any other claims, including claims which have accrued subsequent to the entry of the original judgment. The issues of the case shall be tried by the court without a jury unless the defendant or the plaintiff demand a jury and pay the proper fee (if one is required by law) to the clerk *at the time of the entry of the order opening the judgment.* The original judgment stands as security, and all further proceedings thereon are stayed until the further order of the court, but if the defense is to a part only of the original judgment, the judgment stands as to the balance and execution may issue thereon." (Emphasis added.)

This Rule, like its predecessor Rule 26, prescribes the procedure to be followed in seeking to open up a judgment by confession: Moore v. Monarch Distributing Co. (1941) 309 Ill. App. 339.

■ The motion of the defendant in such cases is called a *"motion to open a judgment by confession."* In a proper case *"the Court shall sustain the motion."* And then in that event, and only in that event, *"the case shall thereafter proceed to trial."* Only *"if an order is entered opening the judgment"* may the de-

130

fendant assert a counterclaim or the plaintiff amend his complaint so as to assert any other claims. *"At the time of the entry of the order opening the judgment"* a demand for jury trial, etc., may be made by the parties. Under the Rule, and by the very nature and name of the motion involved, the court, if it be a proper case to do so, must first sustain the motion, and enter an order opening the judgment by confession, and only then and thereafter shall the case proceed to trial. The general principles and practices related to the subject of opening judgments by confession are referred to in: Farmers Bank of North Henderson v. Stenfeldt (1930) 258 Ill. App. 428; Ross v. Wrightwood-Hampden Bldg. Corp. (1933) 271 Ill. App. 22; Sharp v. Barr (1924) 234 Ill. App. 214; Bowers v. Heflebower (1926) 243 Ill. App. 129. And see also: Lake v. Cook (1854) 15 Ill. 353; Fleming v. Jencks (1859) 22 Ill. 475; First National Bank of Palatine v. The Hahnemann Institutions of Chicago (1934) 356 Ill. 366.

■■ So far as this record indicates, the court here did not first sustain the motion of these defendants to open the judgment by confession, and did not enter an order opening the judgment by confession. Even where the trial court files "Remarks of Trial Court" in which it is stated a motion of the plaintiffs to dismiss a defendant's answer and counterclaim is granted and that such remarks shall stand as part of the record, if no order is entered actually dismissing the answer and counterclaim in accordance with the remarks then there is, legally, no order of any kind or description: Skillet Fork River Outlet Union Drainage District v. Fogle (1943) 382 Ill. 77. So here, even though it may have been the intention of the plaintiff and these two defendants concerned,—and even the intention of the court,—that the court should sustain the motion to open the judgment and should enter an order opening it, if no order was in fact entered actually sustaining

the motion and actually opening the judgment then there was, legally, no order in that respect of any kind or description. Accordingly, the case could not legally and properly proceed to trial, under the circumstances, and the ensuing trial proceedings and judgment order of March 19, 1958 are a nullity.

■ Appeals lie to this court to review, normally, so far as material, only final judgments: Ch. 110, Ill. Rev. Stats., 1957, par. 77. The judgment order here of March 19, 1958 being a part of and the conclusion of trial proceedings which, under the circumstances, were necessarily a nullity, is not legally a final judgment. For want of an order, or judgment, upon which to predicate an appeal, the appeal must be, and is, dismissed: Skillet Fork River Outlet Union Drainage District v. Fogle (1943) 382 Ill. 77.

In the petition for a rehearing petitioners refer to an entry or order shown on the docket sheet as follows: "Order that motion to open be allowed and that Answer of said 2 Defts. be filed instanter. (See Order)," and insist it is found at Abs. 5, Rec. 7 and 8. A search of the abstract and record fails to disclose any such order or reference thereto.

Appeal dismissed.

WRIGHT, P. J. and SOLFISBURG, J., concur.