JOHN STEINWART et al., Plaintiffs, v. LOUIS SUSMAN et al., Defendants— (LOUIS SUSMAN, Defendant-Appellant, v. Robert P. Benstein, Intervenor-Appellee.)

(No. 71-244; 

Second District—August 30, 1972.

Orlikoff, Prins, Flamm & Susman, of Chicago, (Arthur T. Susman, of counsel,) for appellant.

Richard W. Husted, of Elgin, for appellee.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

Louis Susman appeals from a judgment in favor of Robert Benstein based upon a guaranty clause in a lease. Benstein's motion to dismiss the appeal has been taken with the case.

Susman was an officer of the lessee corporation, Fox River Valley Ice Cream Co. The lease contained a recital that he was signing in his individual capacity "to guarantee the faithful performance of the same by party of the second part". In the proceedings before us Benstein, as an assignee of the lessor, brought suit against Susman, the corporation, and the receiver for the corporation, for rent alleged to be in default.[1] A Count II was later added asking for an order directing the receiver to pay storage charges. Thereafter, Count III was added praying for a judgment for rents, costs and attorney's fees pursuant to a confession clause in the lease.

Confession judgment was entered on the same date Count III was filed, October 17th, 1968, in the amount of $2,715. This was apparently based upon eleven months rental at $245 per month, plus $20 attorney's fees.

On November 15th, 1968, Susman filed a motion to vacate the confession judgment pursuant to Ill. Rev. Stat. 1967, ch. 110, sec. 50, or in the alternative to open up the judgment under Ill. Rev. Stat. 1967, ch. 110A, sec. 276. A proposed verified answer, affirmative defense, counterclaim and jury demand accompanied the motion. The trial court took the motion under advisement. On several occasions thereafter Benstein sought to enforce collection of the confessed judgment by garnishment of Susman's employer, and Susman defended by arguing his motion to vacate. It does not appear that garnishment was ordered. On October 28th, 1970, the trial court entered an order upon the return of a rule to show cause. The effect of this order is the principal question in this appeal:

"This cause coming on to be heard upon the return of a Rule To Show Cause, the attorneys for both parties having argued to the Court, it is hereby ordered:

1. Trial in this cause upon Intervener's Complaint and the Answer

---

[1] Benstein had been given leave to intervene in a suit by Steinwart and Anderson (who had purchased Susman's stock in the Fox River Valley Ice Cream Co.), to rescind the sale and to appoint a receiver. We reversed the order appointing the receiver in an interlocutory appeal, *Steinwart v. Susman* (1968), 94 Ill.App.2d 471.

of defendant Louis Susman be set for December 14, 1970, before this Court.

\* \* \*

3. Against any final judgment rendered by this Court there shall be credited as an off-set to defendant Louis Susman the security deposit in the lease which is the subject matter of this cause and the proceeds of any of the public and private sales by Intervener of the machinery etc. located at 962 Dundee, Elgin, Ill. and formerly the property of Fox River Valley Ice Cream Co."

Pursuant to this order, another judge to whom the cause had been assigned conducted a hearing at which both attorneys made arguments to the court. Counsel for Benstein advised the court that the matter was coming up on an inquiry of personal property sold from the premises of the Fox River Valley Ice Cream Company and on the question of the allowance of a security deposit in the lease. Also, that Susman wanted to inquire whether Benstein had properly rerented the property so as to minimize any loss. Susman's attorney took the position before the court that the prior October 28th order had already determined the question of the security deposit and the off-set of the sale of personal property. Susman's counsel suggested to the court that the issues were how much was owed to the landlord, whether the guarantor was bound by the confession clause, and the question of whether the damages had been mitigated. Benstein then testified in his own behalf, but apparently relying upon the confession judgment, he did not testify as to the rent actually due.

On June 15th, 1971, the trial court entered the judgment from which this appeal is taken in favor of Benstein and against Susman in the amount of $2450. The prefatory statement in the judgment order was, "This matter having been heard on the merits \* \* \*". (How the court arrived at the figure of $2450, which is apparently ten months rent at $245 a month rather than the eleven months rental represented by the confession judgment, is not clear. We infer from the testimony of Benstein that he may have received one month's rent from the receiver and that the court deducted this.)

■■ We first consider Benstein's motion to dismiss the appeal. Benstein argues that the confession judgment of October 17th, 1968, was never vacated and thus that the judgment order of June 15th, 1971, was a nullity from which no appeal can be taken. From this admittedly confused record, we conclude that the purport of the October 28th, 1970, order was to open the confession judgment. *Eaton v. Shields* (1959), 21 Ill.App.2d 126, cited by Benstein, is authority for the rule that if a judgment by confession is not opened, further proceedings on the merits

are a nullity regardless of the intention of the court and the parties. But in *Eaton* there was no order of any kind. This, in our view, distinguishes the case. Here an order was entered. Although the form of the order has required our interpretation, we have concluded that the court thereby opened the confession judgment. The motion to dismiss the appeal is therefore denied.

■■ Susman has argued that we should reverse without remanding because Benstein did not sustain his burden of proving the damages claimed in the January 26th, 1971, hearing. We are of the opinion, however, that in view of the general confusion below, shared by court and counsel, a proper trial on the merits would be the just result. We do not address ourselves to the defendant's remaining claims of error since these are unlikely to arise in the course of a new trial.

We, therefore, reverse the judgment entered on June 15th, 1971, awarding Robert P. Benstein $2450 and costs against Louis Susman, and remand the cause for a new trial.

Reversed and remanded.

ABRAHAMSON and T. MORAN, JJ., concur.