FRANCINE KLINGMAN, Plaintiff-Appellee, *v.* MELVIN E. LEVINSON, Defendant-Appellant.

(No. 55368; )

First District—November 22, 1972.

*Rehearing denied February 8, 1973.*

Edgar Blumenfeld, of Chicago, for appellant.

Samuel E. Hirsch, of Chicago, for appellee.

Mr. PRESIDING JUSTICE McGLOON delivered the opinion of the court:

This is an appeal from orders of the Circuit Court ordering defendant, an attorney and trustee of certain stocks and bonds, to present an accounting of the trust assets to the court and to turn the trust *res* over to a corporate escrowee pending litigation, and an order finding defendant in contempt of court for refusing to carry out these instructions. On appeal the defendant argues that the court improperly terminated the trust without hearing evidence, that there was no proof that an accounting was owed the settlor of the trust (plaintiff), that the contempt order was improperly entered, and that a petition for change of venue was improperly denied.

We affirm.

On July 19, 1967, the plaintiff as settlor entered into a written trust agreement whereby she designated defendant, her attorney, trustee. The agreement recited that the trust was necessitated by the settlor's marital problems, and provided that certain stocks and bonds, purchased for the

benefit of her children, Lee and Mark David Klingman, but entrusted to settlor to be used for the education and maintenance of the children at her discretion, plus other bonds registered in her name, be placed in trust. The settlor and her children were named beneficiaries under various provisions of the trust. The trust was expressly revocable, but contained a clause which recited:

> "In the event that any person makes or asserts any claim against the trust property and institutes legal proceedings * * * the power to revoke, alter, or amend this trust should immediately cease and said trust shall become irrevocable."

On February 2, 1970, plaintiff filed a formal notice of revocation with the trustee requesting termination of the trust, a consequent transfer of assets and an accounting.

When the request was not complied with, plaintiff brought a complaint in the chancery division wherein she petitioned the court to mandate an accounting from defendant and to order the trust terminated.

Defendant moved to dismiss the complaint for failure to join indispensable parties (the children) and answered that plaintiff failed to turn over all assets as per the trust agreement, that a demand made upon defendant prior to notice of revocation made the trust irrevocable, and finally, that defendant was owed reasonable attorney's fees in regard to the trust. Defendant also counter-claimed for $10,000 in attorney's fees.

Joseph Klingman, plaintiff's husband, and Lee and Mark Klingman, her children, filed a petition of intervention which was allowed by the court. In their answer they alleged that because the funds in question were the property of Lee and Mark Klingman, that an accounting should issue, and that the funds should be deposited with the Northern Trust Company pending final disposition of the matter.

On July 7, the trial court entered an order which recited in part:

> "On Notice Duly Served and Verified Petition filed this date with leave of Court and *By Agreement of the Parties By their Attorneys of Record* it is ordered as follows: * * *." (Emphasis added.)

The court ordered defendant to turn over the trust corpus to the Harris Trust & Savings Bank of Chicago which was to hold the funds in escrow pending further order of the court. It also ordered defendant to cease and desist from any other dealings with the trust, and to render an accounting within two weeks.

When defendant had taken no action in accordance with this order by July 24, 1970, plaintiff and the intervening parties petitioned the court to issue a rule to show cause why defendant should not be held in con-

tempt. The court issued its rule to show cause on July 30, returnable August 4. A writ of attachment was issued August 5 but stayed until August 11. On August 10 defendant's attorney of record, having served proper notice, withdrew from the case.

Defendent and new counsel appeared before the trial court on August 20, and defendant was found in contempt of court for refusing to obey the July 7 order.

Defendant moved that the court vacate its orders of August 5, 11 and 20, and furthermore he moved for a change of venue. Both motions were denied and defendant appealed.

■■ Defendant first argues that the July 7 order improperly terminated the trust and removed defendant as trustee without hearing evidence. We must note that the July 7 order neither terminated the trust nor removed defendant as the trustee, but rather established an escrow account pending an accounting ordered by the court. (See, *Hagenbeck v. Hagenbeck Zoological Arena Co.*, 59 F. 14 (N.D. Ill. 1893.) Furthermore, this order was entered into by agreement of the parties through their attorneys, and we do not believe that defendant can, at this late date, disavow an agreement made in open court.

■■ Defendant next argues that the court improperly ordered an accounting without having plaintiff sustain her burden of proof in petitioning the court for such an accounting. The verified petitions of plaintiff and the intervenors were sufficient to invoke the equitable power of the court to order an accounting. Once again the record demonstrates that defendant agreed to the accounting ordered July 7.

■■ Defendant further argues that he was denied due process when the trial court found him in contempt of court. The record discloses that rather than appeal the July 7 order, defendant chose to ignore it. Perhaps defendant had his reasons for such a course of behavior, but we find such conduct contrary to that prescribed by the law. Defendant should properly have appealed the July 7 order if he found fault with it, and in choosing to disobey it, defendant subjected himself to the contempt power of the court. *Faris v. Faris* (1966), 35 Ill. 2d 305, 220 N.E. 2d 210.

■■ Finally, defendant alleges that the trial court improperly refused his petition for change of venue: Illinois statutes give a party to a lawsuit the right to seek a change of venue when, by verified petition, that party alleges facts tending to show that the judge set to try his case is prejudiced against him. (See Ill. Rev. Stat. 1969, ch. 146, par. 1 *et seq.*) Such a petition must be filed in apt time, and a petition comes too late when it is presented after the judge has ruled on a substantive issue in the case. (*Marshall Savings & Loan Assn. v. Henson* (1966), 78 Ill. App.

2d 14, 222 N.E. 2d 255.) Our review of the record discloses that defendant's petition was not timely filed, and thus, the trial court did not abuse its discretion in refusing the same.

Order affirmed.

DEMPSEY and McNAMARA, JJ., concur.