FRANCINE KLINGMAN, Plaintiff-Appellee, *v.* MELVIN E. LEVINSON, Defendant-Appellant.

(No. 59660;

First District (3rd Division)—July 3, 1974.

*Supplemental opinion on denial of rehearing September 5, 1974.*

Melvin E. Levinson, *pro se.*

Samuel E. Hirsch, of Chicago, for appellee.

Mr. PRESIDING JUSTICE McNAMARA delivered the opinion of the court:

Defendant, Melvin E. Levinson, appeals from an order of the circuit court of Cook County adjudging him guilty of contempt of court and sentencing him to 60 days in jail. Defendant initially contends that the trial court erred in holding him in contempt since he had purged himself of any contemptuous conduct. He argues in the alternative that the court erred, in a civil contempt proceeding, in ordering him to serve a definite term in jail without the right of purgation.

The present proceedings have developed as the aftermath of a decision by this court involving a case between the same parties. In *Klingman v. Levinson* (1972), 9 Ill.App.3d 179, 292 N.E.2d 111, plaintiff, as settlor of a trust, had filed suit seeking an accounting and turnover of the trust assets by the defendant, the trustee. The trial court entered a pre-trial order directing defendant to file an accounting and to turn over the trust res to the Harris Trust and Savings Bank of Chicago. The bank was to hold the property in escrow during the pendency of the litigation. When defendant refused to comply, the court held in contempt and ordered him imprisoned until he complied with the order. On appeal, we affirmed the trial court's orders.

On July 11, 1973, defendant filed a verified petition stating that he would comply with the court's orders. He provided therein a brief history of the investments he had made as trustee, and requested 30 days to file a verified accounting. He also alleged that he had tendered the trust assets to the named escrowee bank but that the bank had refused to accept them. Accordingly, he requested the trial court to vacate the order of contempt and quash the commitment order on the ground that his actions constituted a purgation of his contempt. A hearing was set on the

petition for July 13. However, on July 12, on plaintiff's motion, the court, without notice to defendant of his attorney, issued a capias. On July 18, 1973, the trial judge issued the following order:

"THIS MATTER coming on to be heard upon the Petition of defendant, MELVIN E. LEVINSON, to vacate the orders of contempt entered herein, and to quash the order of attachment heretofore issued, good and proper notice having been served upon the attorneys for all of the parties herein, the defendant MELVIN E. LEVINSON having surrendered to the Sheriff of Cook County, and before the Court, the matter being presented to the Court, and the Court upon consideration thereof,

IT IS HEREBY ordered that defendant's Petition to discharge defendant from contempt * * * is denied;

IT IS FURTHER ORDERED that the defendant MELVIN E. LEVINSON is sentenced to sixty (60) days in the County Jail, Cook County, Illinois, for contempt of this Court, exception to be stayed for a period of thirty (30) days, for the purpose of in hospital psychiatric treatment; * * *."

The record does not contain a report of proceedings for July 18, 1973.

On August 17, defendant's counsel appeared before the trial court and moved to vacate the order of July 18. It was ascertained that at this time defendant was receiving the in-hospital treatment contemplated by the July 18th order. After being assured that 30 days had not elapsed since the entry of the order, the trial court appeared willing to conduct a hearing on defendant's motion. However, plaintiff's counsel interjected that plaintiff had filed a notice of appeal of the July 18 order and hence the trial court no longer had jurisdiction to consider defendant's motion to vacate. Plaintiff's counsel stated that the basis of the appeal was that the order of July 18, sentencing defendant to 60 days imprisonment, vacated an earlier order committing defendant to jail for 6 months for contempt, and that the reduction in the sentence amounted to an abuse of the court's discretion. The trial court ruled that plaintiff's filing of a notice of appeal deprived it of jurisdiction to consider defendant's motion to vacate. Defendant subsequently filed this appeal.

We initially observed that the record fails to reflect the existence of any order of the trial court sentencing defendant to 6 months in jail for contempt. The only order of commitment is that of July 18, sentencing him to 60 days.

■■ We next point out that plaintiff has not filed a brief, abstract, or appearance in this court either in relation to her own or defendant's appeal. Not only do such actions constitute an abandonment of her own appeal but they also empower this court to reverse the judgment of the

circuit court pro forma. (See *Matyskiel v. Bernat* (1967), 85 Ill.App.2d 175, 228 N.E.2d 746.) Appellee's failure to file a brief does not foreclose the exercise of our discretion in considering the case on the merits. *Daley v. Richardson* (1968), 103 Ill.App.2d 383, 243 N.E.2d 685.

In our judgment, the most equitable manner to dispose of the present controversy involves neither a pro forma reversal nor a decision on the merits of the issues posed by defendant. We believe that the prime issue is the correctness of the trial court's decision on August 17 that its jurisdiction to consider defendant's motion to vacate had been abated by the plaintiff's filing of a notice of appeal.

■■ The trial court's jurisdiction over a cause will generally abate upon the passage of 30 days after the entry of a final order or upon the proper filing of a notice of appeal within the 30-day period. Where an appeal is predicated upon an order or judgment that has no basis in the record, the appeal will be dismissed. *Gilson v. Gaerdner* (1920), 295 Ill. 337, 129 N.E. 76; *Eaton v. Shields* (1959), 21 Ill.App.2d 126, 157 N.E.2d 708.

■■ As we have indicated, this record does not reveal that the trial court ever sentenced defendant to 6 months in jail for contempt. Consequently, the plaintiff's filing of her notice of appeal has absolutely no basis in the record, and could not operate to deprive the trial court of jurisdiction to consider defendant's motion to vacate the order of July 18. Indeed, plaintiff's inaction in this court appears to be recognition that her notice of appeal concerned an order not reflected in the record.

■■ Since the trial judge indicated a willingness to conduct a hearing on defendant's motion and since, as we have found, the court had jurisdiction to consider the motion, the appropriate relief is to remand the cause to the trial court for a full hearing on defendant's motion to vacate. Such a hearing cannot but clear up the confusion surrounding the orders entered.

For the above reasons, the order of the circuit court of Cook County denying defendant's motion to vacate the order of July 18 is reversed, and the cause is remanded for further proceedings not inconsistent with the holdings of this opinion.

Reversed and remanded.

DEMPSEY and MEJDA, JJ., concur.

### SUPPLEMENTAL OPINION

Mr. PRESIDING JUSTICE McNAMARA delivered the opinion of the court:

■■ Although plaintiff had not filed an appearance or answering brief in this matter, her counsel has filed a petition for rehearing. In that petition,

he maintains that we overlooked our earlier decision dealing with the same parties and, in part, with the same issues. (*Klingman v. Levinson* (1972), 9 Ill.App.3d 179, 292 N.E.2d 111.) Counsel argues that in the earlier case defendant appealed from an order sentencing him to 6 months in jail for contempt, and that therefore our present holding is incorrect.

Counsel's claim is unsupported by the record. The record in the earlier appeal clearly reveals that defendant appealed from an order holding him in contempt and imposing the following punishment:

> "It is ordered that the defendant, Melvin E. Levinson, be and he is hereby committed to the County Jail of Cook County until such time as he shall purge himself of such contempt by complying with the aforesaid orders of July 7, 1970 and August 5, 1970."

An examination of the entire record fails to disclose any order of the trial court which sentenced defendant to 6 months in jail. As a result, plaintiff's filing of her notice of appeal from a non-existent order had no basis in the record, and did not operate to deprive the trial court of jurisdiction to consider defendant's motion to vacate the order of July 18, 1973.

Consequently, we adhere to our holding, and the cause is remanded for further proceedings not inconsistent with the holdings of this opinion.

DEMPSEY and MEJDA, JJ., concur.