Violet Smith, Appellant, v. Monumental Life Insurance Company, Appellee.

Opinion filed July 21, 1939.

T. A. O'Connor, of East St. Louis, for appellant.

Pope & Driemeyer, of East St. Louis, for appellee.

Mr. Justice Edwards delivered the opinion of the court.

Plaintiff brought suit to recover on an insurance policy in the sum of $150, issued by defendant upon the life of her father on August 29, 1936, he afterward dying on April 7, 1938; the complaint being in the usual form.

Defendant answered, *inter alia,* that the policy expressly provided that it was entered into by defendant "in consideration of the representations in the application for this policy, which are hereby made a part of this contract." The answer further averred that the insured therein warranted that he never had heart disease and had never been treated therefor, but that such statement was untrue.

To the answer plaintiff replied that although the insured had been treated by a physician about May 9, 1936, the same being prior to the issuance of the policy, who examined him and found that he was suffering from a heart ailment, that such physician did not inform the insured of such fact, and that at the date of the issuance of the policy the insured was apparently in good health and unaware of any condition of ill health at such time.

Defendant moved for judgment on the pleadings and the motion was argued and by the court taken under advisement; whereupon the plaintiff moved for and was allowed to dismiss the suit. Plaintiff at once brought another action in the same court, on the same policy, the complaint being the same as the one filed in the first suit. Defendant moved to vacate the order of dismissal, which motion was sustained, the order of dismissal set aside, and the cause reinstated. Thereafter the court sustained the said motion for judgment on the pleadings and entered judgment for defendant in bar of the action. Plaintiff appeals from both rulings of the court.

As to the order setting aside the former order of dismissal, the law is that a motion to set aside a nonsuit or dismissal is addressed to the discretion of the trial court, and its ruling thereon will not be disturbed except where such discretion clearly appears to have been abused; 18 Corpus Juris 1172, sec. 67. We see no reason upon this record to hold that the

court acted imprudently in allowing such motion, and its ruling in that behalf is sustained.

The insured's warranty as to sound health and freedom from heart disease was an integral part of the contract of insurance and must have been true as a fact to justify a recovery on the policy; *Spence v. Central Accident Ins. Co.,* 236 Ill. 444; *Metropolitan Life Ins. Co. v. Moravec,* 214 Ill. 186. If the representation was false it avoided the policy regardless of whether the insured knew that he was afflicted with a heart disorder or not. It is the fact of the truth of the warranty which is decisive, and if false there can be no recovery however innocently it is made; *Continental Life Ins. Co. v. Rogers,* 119 Ill. 474.

The trial court correctly gave judgment for defendant on the pleadings.

*Judgment affirmed.*