Leo F. D'Amico, Plaintiff, v. Moriarty Meat Company, a Corporation, Defendant-Third-Party Plaintiff-Appellant, v. Hart Motor Express, Inc., Third-Party Defendant-Appellee.

Gen. No. 49,164.

First District, First Division.

March 9, 1964.

B. F. Martin, of Chicago (Frank Glazer, of counsel), for appellant.

Van Duzer, Gershon & Jordan, of Chicago, for appellee.

MR. PRESIDING JUSTICE MURPHY delivered the opinion of the court.

Defendant appeals from the dismissal of its third-party complaint in a personal injury action. The motion to dismiss was grounded on the premise that the third-party complaint alleged a cause of action for contribution or indemnity by the joint tort-feasor. In the order of dismissal, the court found there was "no just reason for delaying enforcement or appeal."

Defendant concedes that "it is well settled in Illinois that there can be no contribution or indemnity between joint tort-feasors." Defendant contends that its third-party complaint is predicated on the active-passive theory of indemnity, and argues that the pleadings present facts which fall within the rule expressed in Moroni v. Intrusion-Prepakt, Inc., 24 Ill App2d 534, p 537, 165 NE2d 346 (1960):

"The rule against indemnity between tort-feasors does not apply between parties, one of whom is the active and primary wrongdoer and the other bears a passive relationship to the cause of the injury."

In substance, the complaint alleges that plaintiff, Leo F. D'Amico, was a pedestrian at or near a building owned by defendant, Moriarty Meat Company, and was injured by a meat hook which fell as a result of the careless and negligent conduct of defendant Moriarty. In its answer, defendant Moriarty denied that plaintiff was in the exercise of due care and caution; denied that Moriarty was guilty of any negligence; and alleged that D'Amico "was a truck driver for Hart Motor Express Company, a Corporation, and in the process of unloading said truck at the time, date and place where the alleged injury to the plaintiff occurred."

The Moriarty third-party complaint alleges that the third-party defendant, Hart Motor Express, Inc., made a delivery of merchandise to the premises of Moriarty in a motor vehicle owned by Hart Motor Express, and by making the delivery, Hart Motor Express "impliedly agreed to comply with all laws and safety regulations relating to the safety of motor vehicles, and to the safety of employees, including those employees of the third party plaintiff and third party defendant." It is further alleged that the meat hook which fell and struck plaintiff "was owned, maintained and controlled by the third party defendant, and was not owned, controlled or maintained by this third party plaintiff." Also, if Moriarty violated any duty owed the plaintiff, "such violation would be only passive or secondary negligence, while the active and primary negligence of third party defendant, Hart Motor Express, Inc., a Corporation, will have been established," and if any judgment is entered against Moriarty, it is entitled to be indemnified from Hart Motor Express.

Hart Motor Express, the third-party defendant, relies principally on Shulman v. Chrysler Corp., 31 Ill App2d 168, 175 NE2d 590 (1961). There, plaintiff Halligan sued Miss Shulman for damages alleged to result from her negligence in running into the rear of his car. Defendant Shulman denied the allegations of the complaint and filed a third-party complaint against the Chrysler Corporation, charging that the car she was driving had been recently purchased, and that the collision resulted from defective brakes, of which she had no notice or knowledge. In affirming the dismissal of the third-party complaint, and in holding that defendant Shulman was not a passive tort-feasor and was either solely guilty or not guilty at all, Justice Friend said (p 174):

> "The well-pleaded allegations in Miss Shulman's amended third-party complaint necessarily lead to one of two conclusions: either (1) she is guilty of negligence insofar as Halligan is concerned and is a joint wrongdoer not entitled to obtain contribution or indemnity; or (2) she is not liable to Halligan, and consequently has no right to indemnity against the Chrysler corporations."

■ From the reasoning in the Shulman case and the cases therein cited and discussed, we conclude the rule there announced to be that a third-party complaint should be dismissed when it clearly appears "on the face of the third-party complaint that the third-party plaintiff was entitled to no relief," or where it is "clear on the face" of the third-party complaint that it is, in effect, an attempt "to eliminate the original defendant as a defendant and to substitute the third-party defendant as a defendant"

on the basis of the "sole liability" or "solely from the active negligence" of the third-party defendant.

■ We do not believe the foregoing rule applies here. Moriarty in effect alleges that the offending meat hook, which produced the injury, "was not owned, maintained or controlled" by it, but if, by reason of the event occurring on its premises, it "is thereby exposed to liability and suffers damages," it should recover against Hart Motor Express, "the principal delinquent, . . . upon the theory of placing the ultimate liability on him whose fault was the primary cause of the injury and whose positive acts negligently done have produced the defective condition which caused the injury." Griffiths & Son Co. v. National Fireproofing Co., 310 Ill 331, 339–340, 141 NE 739 (1923).

As stated in the Moroni case: "No explicit charge of negligence need be made, but it is sufficient if the facts stated are such as to raise a duty and show failure to perform." Also, "It does not have to appear with certainty that there will be a recovery over against the third-party defendant. It is sufficient that the pleadings show a possibility of recovery" (Blaszak v. Union Tank Car Co., 37 Ill App2d 12, 16, 184 NE2d 808 (1962); and "[it is] error to dismiss a third-party indemnity action before presentation of evidence when the pleadings indicated a possibility of recovery over" (Yankey v. Oscar Bohlin & Son, Inc., 37 Ill App2d 457, 469, 186 NE2d 57 (1962)).

While the pleadings here might be somewhat lacking in facts, the third-party complaint reasonably informs the third-party defendant of the nature of the claim which he is called upon to meet, and does show "a possibility of recovery over." Therefore, and prior to the hearing of the evidence, we cannot say whether plaintiff is entitled to relief and, if so, who was primarily responsible for D'Amico's injuries.

67

We conclude that the third-party complaint was improperly dismissed. The order of dismissal is reversed and the matter is remanded with directions to proceed in accordance with the views expressed herein.

Reversed and remanded with directions.

BURMAN and KLUCZYNSKI, JJ., concur.