John Harvan, Plaintiff, v. Arthur C. Trask Company, Defendant-Third Party Plaintiff-Appellant, v. Pennoyer Merchants Transfer Company, Third Party Defendant-Appellee.

Gen. No. 49,227.

First District, Fourth Division.

April 8, 1964.

Frank Glazer, of Chicago (F. W. Gulbranson, of counsel), for defendant-third party appellant.

Richard C. Bleloch and Robert A. Wiacek, of Chicago, for appellee.

MR. JUSTICE McCORMICK delivered the opinion of the court.

A personal injury action was brought by John Harvan against Arthur C. Trask Company in the Municipal Court of Chicago. Trask filed a third party complaint for indemnity against Pennoyer Merchants Transfer Company. On motion of Pennoyer the third party complaint was stricken. Thereupon, Trask filed an amended third party complaint, and Pennoyer's answer in the nature of a motion to dismiss was sustained by the court. This appeal is taken from that order.

In his complaint Harvan alleges that the plaintiff was a business invitee as an employee of Pennoyer, and was on the premises of a certain building in the City of Chicago, and that the plaintiff, while exercising due care, was injured when a wall fell on him as a result of certain negligent conduct of defendant Trask. Trask filed an answer denying that the plaintiff was injured as a result of any negligent conduct on its part. Trask then filed a third party complaint against Pennoyer which was stricken by the court. Trask then filed an amended third party complaint in which it alleged that plaintiff, Harvan, had filed a statement of claim against Trask alleging injuries while on its premises and because of its negligence.

The third party complaint further alleged that Trask, prior to the date of the accident, had an oral agreement with Pennoyer whereby Pennoyer agreed to remove certain oil tanks from the premises of Trask, and that Pennoyer, through its employees, agents and servants, while operating its equipment, caused a certain wall of the building at the premises in question to collapse and fall upon Harvan. Trask

404

further alleged that if the injuries complained of by Harvan resulted from negligence on the part of any of the parties, the injuries were the direct and proximate result of the "active negligence" of Pennoyer, and that if Trask violated any duty owed Harvan resulting in injuries to Harvan, such violation was "passive negligence only." The third party complaint then prays that if Trask is held liable in damages to Harvan, Pennoyer shall be held liable to Trask for such damages as might be awarded Harvan.

Pennoyer filed an answer which was in its nature a motion to strike the third party complaint and set out as the reason therefor that the amended third party complaint was an attempt by the defendant to secure contribution between tort-feasors. It is further stated that the plaintiff charges Trask with active negligence. Trask filed a reply to the motion to dismiss, alleging that the amended third party complaint was not an attempt to secure contribution between joint tort-feasors, and that the question as to whether Trask was guilty of active negligence is a question of fact and not a question of law.

The motion to dismiss the third party complaint was set for February 21, 1963, and on that day the record of the Municipal Court of Chicago shows the motion of defendant to strike amended third party complaint sustained and "suit dismissed as to third party statement of claim as per draft." No draft order was entered on that date. The record further shows that on March 12, 1963 a draft order was entered in the Municipal Court of Chicago. The trial court ordered that Trask's cause of action as alleged in its amended third party complaint against Pennoyer "be, and the same is hereby dismissed, and it is further ordered that said third party defendant go hence without day. The court finds that there is no just reason for delaying enforcement or appeal." The or-

405

der further bears the statement that it is entered nunc pro tunc as of February 21, 1963. Trask appeals from both orders.

■ Pennoyer filed a motion to dismiss the appeal which was taken with the case. Its contention is that the order of the trial court entered on February 21, 1963 is not a final or appealable order, since it does not adjudicate the rights of all the parties and it does not contain the statement required under section 50(2) of the Civil Practice Act. It is further argued that the order entered on March 12, 1963, if it be considered as a nunc pro tunc order, will not supply the omission in the order of February 21, 1963 (citing People v. Rosenwald, 266 Ill 548, 107 NE 854). There is no question that the office of a nunc pro tunc order is only to supply some omission from the record of an order. However, in this case, the order entered on February 21, 1963, was an order incomplete in that it specifically stated that a draft order would be entered. The draft order was not entered until March 12, 1963. In our opinion, in spite of the fact that it is stated to be a nunc pro tunc order, it really is the draft order of the court referred to in its oral order of February 21, 1963. The motion to dismiss the appeal is denied.

■ The next question to be considered is whether the court erred in dismissing Trask's amended third party complaint. It is true that Harvan's statement of claim against Trask merely alleges "negligence." However, in Blaszak v. Union Tank Car Co., 37 Ill App2d 12, 18, 184 NE2d 808, 811–812, the court says:

". . . The pleadings here do not indicate whether the negligent acts complained of were active or passive in nature. 'It is the function of the jury to determine whether both defendants were guilty of negligence contributory to the harm; if so, to determine whether they were equally at

fault in which event no right of indemnity arises. If, however, the jury finds that the fault of the third-party plaintiff was passive only and that the fault of the impleaded defendant was the primary cause of the harm, the latter will be held to indemnify the former in an action over.' . . .

"We cannot say here, prior to hearing evidence, that the negligence complained of in plaintiff's complaint is active or primary in nature."

In Moroni v. Intrusion-Prepakt, Inc., 24 Ill App2d 534, 537, 165 NE2d 346, 348, the court says:

"The rule against indemnity between tort-feasors does not apply between parties, one of whom is the active and primary wrongdoer and the other bears a passive relationship to the cause of the injury. (Citations) . . . From the foregoing authorities we think the principle stated is now the well settled law of this state."

In the instant case Harvan in his statement of claim makes no charge of "active negligence" or allegations which of necessity would constitute such a charge. Nor does the fact that in the original statement of claim Harvan alleges that Trask "operated, managed and controlled the building and premises" change the application of the rules set out in the cited cases. We cannot agree with the contention of Pennoyer that Harvan's allegations in his statement of claim are necessarily allegations of active negligence on the part of Trask. Harvan alleges that he was on the premises as an employee of Pennoyer, removing oil tanks from the premises, and under these circumstances, the question of active negligence is for the jury. Under such circumstances, a motion to dismiss the third party complaint should not be sustained. (D'Amico v. Moriarty Meat Company, 47 Ill App2d

63, 197 NE2d 445, and Yankey v. Oscar Bohlin & Son, Inc., 37 Ill App2d 457, 186 NE2d 87.)

■ It would seem to us that courts should be reluctant to dismiss third party actions unless it clearly appears, because of the nature of the action and the pleadings, that no cause of action is stated in the third party complaint, or unless it is clear that a cause of action by a third party cannot be maintained under any state of facts which might be proved. Trask's third party action for indemnity involves factual questions, the resolution of which is ordinarily within the province of the jury, and prior to the hearing of evidence it would be difficult, if not impossible, for a court to say whether or not a third party complainant is entitled to relief.

Section 51 of the Practice Act provides that an action may be severed as an aid to convenience whenever it can be done without prejudice to a substantial right; and section 44 of the Practice Act, paragraph 2, provides that the court may, in its discretion, order separate trial of any causes of action, counterclaim or third party claim if it cannot be conveniently disposed of with the other issues in the case.

■ Reading the statement of claim in its entirety, in the light of the statute, it is our opinion that a trial would be required to determine the question as to whether the alleged negligence was active or passive. It would seem in cases of this type where third party complaints are filed that the trial court should, after issue has been properly joined thereon, hold the trial of the issue raised in the third party complaint in abeyance until the issues in the original suit are determined.

The order of the Municipal Court of Chicago dismissing the cause of action alleged by Arthur C. Trask Company in its third party complaint against Pennoyer Merchants Transfer Company is reversed and the cause is remanded with directions that an order

should be entered upon Pennoyer Merchants Transfer Company to file an answer to the third party complaint of Arthur C. Trask Company, and that such further proceedings shall be then taken as are not inconsistent with this opinion.

Reversed and remanded with directions.

ENGLISH, P. J. and DRUCKER, J., concur.