Ara Mayian, Plaintiff-Appellee, v. Yellow Cab Company, Defendant-Appellant.

Gen. No. 50,083.

First District, Second Division.

October 26, 1965.

Jesmer & Harris, of Chicago (Julius Jesmer, of counsel), for appellant.

Bradley & Bradley, of Chicago (Edward J. Bradley, of counsel), for appellee.

MR. JUSTICE BRYANT delivered the opinion of the court.

This appeal comes from an order entered in the Circuit Court of Cook County July 27, 1964 which set aside an order entered May 11, 1964 which nonsuited the plaintiff's personal injury action on the plaintiff's own motion. The order of July 27 "vacated and modified nunc pro tunc" the earlier order, changing it "to an order for want of prosecution."

■ ■ It is claimed by the appellant that after the appellee voluntarily dismissed his action, the Court was without jurisdiction to reinstate it. It is also claimed that an order nunc pro tunc may not be used to modify or change an order where there is no basis in the record for the modification.

> "The order of dismissal entered by the court on motion of petitioners was a voluntary nonsuit. It has been announced by this court that where a voluntary nonsuit has been taken upon motion of a plaintiff, the court has no power to set aside the order of dismissal and reinstate the cause unless, at the time the nonsuit is taken, leave is given the plaintiff to move to set it aside. The reason for the rule is that if a plaintiff, by his deliberate and voluntary act, secures a dismissal of his suit, he must be held to have anticipated the effect and necessary results of his action and should not be restored to the position and the rights which he voluntarily abandoned. Having taken a non-suit, his only recourse is to begin his action anew. Weisguth v. Supreme Tribe of Ben Hur 272 Ill 541."

Bettenhausen v. Guenther, 388 Ill 487, 489, 58 NE2d 550, 551, 552 (1945). The law quoted above is controlling in the case at bar. The Court below was without jurisdiction to set aside the order of May 11 nunc pro tunc.

■■ We also note that the order nunc pro tunc was not properly entered in the case at bar. "There is no question that the office of a nunc pro tunc order is only to supply some omission from the record of an order." Harvan v. Arthur C. Trask Co., 47 Ill App2d 403, 406, 198 NE2d 183 (1964). What was done below was not done to correct any omission from the record,

but to allow the appellee an opportunity to change his mind with regard to what he had done earlier in the proceedings. This is not the proper function of an order nunc pro tunc.

We hold that the Court below was without jurisdiction to vacate the order of May 11, 1964. The order of July 27, 1964 is hereby set aside and the order of May 11, 1964 is restored.

Order reversed.

BURKE, P. J. and LYONS, J., concur.