Peter Paul Natale, Plaintiff-Petitioner, v. Enterprise Publishing Company, an Illinois Corporation, and Elmer Johnson, et al., Defendants-Respondents.

Gen. No. 51,620.

First District, Third Division.

April 6, 1967.

Rehearing denied May 4, 1967.

Blumenthal and Schwartz, of Chicago (Milton M. Blumenthal and Arthur F. Schwartz, of counsel), for petitioner.

Arvey, Hodes & Mantynband, of Chicago, for respondents.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

Plaintiff has petitioned this court for leave to appeal from an order vacating a judgment on verdict for $10,-000 proved up and entered in the absence of the defendants and their attorneys. Defendants have moved to dismiss on the ground that there is no provision for such an appeal, the order having been entered within the 30 day period pursuant to section 50(6) of the Civil Practice Act. Plaintiff argues that the order is within the provisions of Supreme Court Rule 30 (now 306) which relates to the granting of new trials.

■ The order of vacation was conditioned upon the defendants' paying $1,000 to the plaintiff and $500 to the County to reimburse them for expenses incurred. Defendants complied with the conditions imposed and the order of vacation became effective. The court at the time it entered the order stated that it was doing so pursuant to the provisions of section 50(6) of the Civil Practice Act (Ill Rev Stats, c 110, § 50(6) (1965)), which provides that the court may on motion filed within 30 days, in its discretion, set aside any final order, judgment or decree upon terms and conditions that shall be reasonable. Orders vacating judgments are interlocutory and not final. Williams v. Morton, 80 Ill App2d 442, 225 NE2d 671. Notwithstanding this, the plaintiff contends, as we have said, that the order of vacation was in effect the granting of a new trial and hence within the provisions of Supreme Court Rule 30 (now 306) which provides that this court may upon petition

allow the parties the right to appeal from an order granting a new trial. Plaintiff bases this contention on the fact that while no one was present on behalf of defendants, answers had been filed on their behalf, a jury was called, evidence heard, and instructions submitted and carefully examined by the judge, and that this was in substance a contested (sic) case and that defendants' failure to appear for trial cannot be considered a default. The resolution of this issue has special importance at this time because the enormous backlog of jury cases in this county has placed a great burden on both the bar and bench and has created many serious problems, not the least of which is what to do about defaults or the failure of parties to appear at the time of trial. The background of the case before us illuminates these problems.

██ Between the time of the filing of suit and entry of the judgment in question, four and a half years had elapsed. During that time the suit was on one occasion dismissed for failure of the plaintiff to appear. It was reinstated on his motion. The defendants' attorneys on motion duly made withdrew from the case and when it came up for hearing, no one appeared on behalf of the defendants nor were they themselves present. While the trial court was careful in its presentation of the case to the jury, it cannot be considered to have been a contested trial. When defendants finally engaged a new lawyer and their motion to vacate was made, the court decided that justice would be better served by vacating the judgment upon compliance with the requirements before stated.

Plaintiff cites Miller v. Paoli, 39 Ill App2d 367, 188 NE2d 730, in support of his position. There, the defendant and his attorney were present on the call of the case in the morning. The court advised them the case would be heard at 1:30 p. m. When it was called at that time, the attorney of record was present and testified and

was allowed to withdraw. Neither the defendant nor the attorney who was to be substituted appeared, although the testimony of the attorney of record revealed that they knew of the hearing. The court said that the defendant knew the case was to be called at 1:30 p. m. and that he knew the attorney of record was withdrawing and that he and the lawyer he had with him knew that the case was to be called for trial, but that they elected to be absent for reasons not disclosed. The court then heard the plaintiff's case and entered judgment. The Appellate Court sustained the judgment, holding that the trial court had exercised its discretion properly in refusing to vacate. The distinction between that and the instant case is obvious.

█ Provision for appeals from orders granting new trials was first incorporated in the 1933 Civil Practice Act. Prior to that time no such provision existed in this state. The reason for its adoption was obvious. A genuinely contested case may take many months to try and at its conclusion the trial court could grant a new trial with perhaps many controversial issues of substance, procedure and evidence still undecided. The provision, now section 50(6) of the Civil Practice Act, for the setting aside of judgments within a 30-day period after judgment (that period being substituted for term time) was adopted in the 1933 Judgment Act (Laws of Illinois, Fifty-eighth General Assembly, at p 678) and, as we have said, no provision was made for appeal from such orders. Still another provision of the 1933 Civil Practice Act abolished the common-law writ of error coram nobis and provided for relief after the 30-day period under what is now section 72 of the Civil Practice Act (Ill Rev Stats, c 110, § 72 (1965)). Provision *was* made for appeals from such orders. We must assume that the legislature acted advisedly in making the distinction as to appeal between these groups of interlocutory orders.

There is no appeal from an order of the trial court entered pursuant to section 50(6), and the motion to dismiss the petition for leave to appeal must be allowed.

Petition for leave to appeal dismissed.

SULLIVAN, P. J. and DEMPSEY, J., concur.