OZELL UNDERWOOD, Plaintiff-Appellee, *v.* YELLOW CAB CO. *et al.,* Defendants-Appellants.

(No. 54341;

First District—February 4, 1971.

Jesmer & Harris, of Chicago, (Julius Jesmer and Richard C. Smilgoff, of counsel,) for appellants.

Wallace, Shelton, Kleinman, Belline, Kalcheim & Curoe, of Chicago, (John J. Wallace, of counsel,) for appellee.

Mr. JUSTICE SCHWARTZ delivered the opinion of the court:

This is an appeal from an order of the trial court vacating a prior order which had dismissed the suit for want of prosecution. A collision between defendant's taxi, in which the plaintiff was a passenger, and another automobile was involved. The only genuine issue is whether the order was within the time provided therefor by the Practice Act.

Suit was filed on January 24, 1964. It was assigned for trial on March 6, 1969, but was dismissed when plaintiff's attorney did not appear. On April 3, 1969 plaintiff moved that the dismissal order be vacated and the cause set for trial. The motion was set for hearing on April 8, 1969. On April 8th the plaintiff's attorney again failed to appear and his motion to vacate the order of March 6th was denied. Plaintiff again filed a motion to vacate on April 28, 1969 which by agreement of the parties was continued to May 22, 1969. On the latter date the court allowed the motion, vacated the orders of March 6th and April 8th and transferred the case to the assignment judge. It is from that order that defendant appeals. Defendant's first contention is that the plaintiff voluntarily abandoned the suit and therefore the court was without jurisdiction to vacate the dismissal.

■■ The general rule is that where a plaintiff has taken a voluntary nonsuit, the court has no power to set aside the dismissal order unless at the time the nonsuit was taken, leave was given to move to set it aside at some later date. *Mayian v. Yellow Cab Co.*, 63 Ill.App.2d 449, 211 N.E.2d 551; *Weisguth v. Supreme Tribe of Ben Hur*, 272 Ill. 541, 112 N.E. 350. The rationale for the rule is that since the plaintiff obtained

dismissal of his suit by a deliberate and voluntary act, he should not be restored to the position and rights he voluntarily abandoned. *Weisguth v. Supreme Tribe of Ben Hur, supra,* at 543. In support of its contention that the dismissal was voluntary, the defendant points to one of its pleadings in which it is alleged that plaintiff's attorney, when the judge telephoned him on March 6, 1969 to find out why he was not present at the hearing, told the judge it was "all right" with him to dismiss the suit. Aside from that allegation, nothing in the record supports the charge. The order of March 6th dismissing the case merely stated that the plaintiff's attorney failed to appear and that the court had called his office. It did not state that the dismissal was voluntary.

■■ In *Holmes v. Chicago & Alton R.R.,* 94 Ill. 439, the court defined the difference between the two types of dismissal as follows (p. 443):

"A voluntary non-suit is said to be an abandonment of a cause by a plaintiff, and an agreement that a judgment for costs be entered against him. But an involuntary non-suit is where a plaintiff, on being called when the case is before the court for trial, neglects to appear, or where he has given no evidence upon which the jury could find a verdict."

Since plaintiff's attorney failed to appear, the dismissal was involuntary and the court was not deprived of power to vacate the dismissal. That however does not dispose of the issue in the case, which is whether the court, having on April 8, 1969 denied plaintiff's motion made on April 3rd (which was within the 30 day period) could thereafter, on April 28, 1969 entertain and on May 22, 1969 allow a motion to vacate the order of April 8th and thus avoid the effect of the statute limiting time.

■■ The order of April 8, 1969, denying plaintiff's motion to vacate the order of March 6, 1969 was final and appealable. The statute provides that within 30 days after entry of judgment, a party may file a motion to vacate. Ill. Rev. Stat., ch. 110, pars. 50 (5) and 68.3 (1969). Plaintiff's first motion to vacate was filed on April 3, 1969, which was within 30 days following the order of dismissal entered on March 6th. Hearing on that motion was held on April 8th, when the motion was denied. Plaintiff did not appeal, but filed a second motion to vacate, which is the motion the court granted and from which order this appeal is taken. That was not filed until April 28, 1969, fifty-three days after dismissal of the suit.

■■ The statute does not contemplate that a party be allowed to extend the period for appeal by filing successive motions to vacate. Ill. Rev. Stat., ch. 110, pars. 50 (5) and 68.3 (1969). The question was recently before the court in *Deckard v. Joiner,* 44 Ill.2d 412, 255 N.E.2d 900, where it was held that after the defendant's motion to vacate had been denied, the proper procedure would have been to file a notice of appeal and not

another motion to vacate. The reason is stated succinctly and conclusively as follows (p. 418):

"To hold to the contrary would not only violate the spirit of our rule [Supreme Court Rule 303(a)], which contemplates the prompt and orderly prosecution of an appeal, but would render it a nullity. As occurred in this case, any party could defeat the rule and delay appeal merely by filing successive and repetitious motions to vacate."

Numerous other cases have held that the filing of a second motion to vacate more than 30 days after judgment is improper. *Abbey Electric Co. v. Simpson*, 98 Ill.App.2d 463, 240 N.E.2d 278; *Martin v. Masini*, 90 Ill.App.2d 348, 232 N.E.2d 770; *In re: Estate of Schwarz*, 63 Ill.App.2d 456, 212 N.E.2d 329; *Weaver v. Bolton*, 61 Ill.App.2d 98, 209 N.E.2d 5.

■■ Plaintiff contends that the order vacating the dismissal is not a final and appealable order, citing such cases as *Barrow v. Robinson*, 28 Ill.App.2d 358, 171 N.E.2d 663. This principle applies however only when the court has jurisdiction to enter an order vacating judgment. It does not apply where the judgment is void.

■■ Plaintiff further contends that defendant lost its right to appeal because after the reinstatement order of May 22, 1969 the defendant's attorney reported to the assignment judge and drafted an order setting the case at the end of the trial call. Since defendant appealed within the proper period and before the case came to trial, it cannot be considered to have waived its right to appeal.

Order reversed.

McNAMARA, P. J., and DEMPSEY, J., concur.