JOHN DORBIN, Plaintiff-Appellee, *vs.* YELLOW CAB COMPANY, *et al.,* Defendant-Appellant.

(No. 54898; ▮▮▮▮▮▮▮▮)

First District—August 13, 1971.

Julius Jesmer, Charles E. Tannen, of Chicago, (Jesmer & Harris, of counsel,) for appellant.

Robert E. Cleveland, of Chicago, for appellee.

Mr. JUSTICE LORENZ delivered the opinion of the court:

This is an action for personal injuries allegedly sustained by plaintiff in a collision of plaintiff's automobile and defendant's taxicab.

The complaint was filed November 18, 1966. On December 29, 1969, on defendant's motion the suit was dismissed for plaintiff's failure to answer interrogatories. On January 27, 1970, the court entered an order vacating the dismissal order of December 29, 1969, directing plaintiff to file his answers to the interrogatories within fourteen days and setting trial for April 6, 1970.

Defendant seeks to appeal from the order of January 27, 1970. Plaintiff has moved this court to dismiss the appeal, for the reason that the order is not appealable.

In *Stoller Lumber Co. v. Cosmopolitan Nat. Bank* (1968), 101 Ill.App. 2d 431 the court said: "Section 50(5) of the Civil Practice Act provides that the court may on motion filed within thirty days after entry thereof, set aside any final order, judgment or decree upon any terms and conditions that shall be reasonable. There is no appeal from an order entered pursuant to this section. See City of Park Ridge v. Murphy, 258 Ill. 365, 101 N.E. 524; Natale v. Enterprise Pub. Co., 82 Ill.App.2d 105, 227 N.E.2d 84, and Tinkoff v. Wharton, 344 Ill.App. 40, 99 N.E.2d 915. The order vacating the decree, entered within thirty days from the entry of the decree, was interlocutory and not appealable. Therefore the appeal is dismissed."

The order appealed from was an interlocutory nonappealable order and the appeal must therefore be dismissed.

Appeal dismissed.

ENGLISH, P. J. and DRUCKER, J., concur.