JANICE K. SMITH, Adm'rx of the Estate of Gary Richard Smith, Deceased, Plaintiff-Counterdefendant, *v.* INTERSTATE FIRE & CASUALTY COMPANY *et al.,* Defendants-Counterplaintiffs and Third-Party Plaintiffs.—(BILL ATOR, Indiv. and d/b/a King Insurance Agency, Third-Party Defendant-Appellee; INTERSTATE FIRE & CASUALTY COMPANY, Third-Party Plaintiff-Appellant; JANICE K. SMITH, Adm'rx of the Estate of Gary R. Smith, *et al.,* Third-Party Defendants-Appellees.)

Fifth District    No. 76-286

Opinion filed April 6, 1977.

Lord, Bissell & Brook, of Chicago, and Wham & Wham, of Centralia (Richard E. Mueller, Don W. Fowler, and Hugh C. Griffin, of counsel), for appellant Interstate Fire and Casualty Company and Interstate National Corporation.

Robert W. Wilson, of Burroughs, Simpson, Wilson, Hepler & Broom, of Edwardsville, for appellee Bill Ator.

Warren & Mehochko, of Carlyle, for appellee Janice K. Smith.

Owen, Roberts, Susler & Taylor, of Decatur, for appellees George C. Hills, Jr., and Maurice Levesque.

Mr. PRESIDING JUSTICE CARTER delivered the opinion of the court:

Interstate Fire & Casualty Company, defendant, counterplaintiff, and third party plaintiff-appellant (hereinafter "Interstate"), seeks review of three adverse orders of the trial court: striking an affirmative defense to a claim by plaintiff; dismissing Interstate's counterclaim against plaintiff; and dismissing three other persons involved in this suit. The first two rulings were made on December 5, 1974, and the last one on March 26, 1976.

Janice Smith, administratrix of the estate of Gary Richard Smith filed a complaint on June 3, 1974, against Interstate alleging a claim under an insurance policy issued by Interstate to Gary Smith. Interstate refused to pay a claim in the amount of $9500 which was based on the crash of an airplane covered by the policy in question in which Gary Smith and three passengers were killed.

Interstate filed an answer July 24, 1974, denying that there existed a policy in full force and effect. As an affirmative defense Interstate claimed

the policy was entered into under misrepresentations of material facts made by Gary Smith and had the true facts been known, Interstate would not have entered into the contract. The misrepresentations concerned the number of hours Smith had piloted various types of aircraft and his total flying time. These alleged misrepresentations were made in an application for insurance, but the application was not made a part of the policy or attached to it.

On July 31, 1974, plaintiff filed a motion to strike the affirmative defense of Interstate. Plaintiff alleged that by statute (Ill. Rev. Stat. 1973, ch. 73, par. 766) any misrepresentations relied on and used as a defense to the policy must appear in the policy or be attached to it.

Interstate filed a counterclaim against plaintiff on August 14, 1974, for $55,000 based on Interstate's subrogation to the rights of the lienholder of the airplaine. Interstate conceded that the success of its counterclaim depended on a court ruling holding the policy to be void. Plaintiff filed a motion to dismiss the counterclaim. On December 5, 1974, the trial court heard arguments on the motion to strike and the motion to dismiss the counterclaim. Interstate argued that as "aircraft" is included in the definition of "marine and transportation" insurance, the exception in section 154 of the Illinois Insurance Code (Ill. Rev. Stat. 1973, ch. 73, par. 766) applied to this policy and the misrepresentations need not appear in the policy for Interstate to avoid liability. The trial court in a well-written order held that the coverage of this policy was classified in section 4 (class 3(e)) of the Code (Ill. Rev. Stat. 1973, ch. 73, par. 616 (class 3(e)), therefore the exception to section 154 did not apply here. The court ordered the affirmative defense to be stricken and ordered the counterclaim be dismissed.

On December 19, 1975, Interstate filed a third-party complaint for declaratory judgment against the estates of all four persons killed in the airplane crash. Interstate asked that it be held not liable on their policy to any of the estates because of the misrepresentations by Smith. Other than Gary Smith, the estates involved were those of Patsy Ruth Monds, George C. Hills, and Louise J. Hills, the passengers.

The administrators of the three estates of the deceased pasengers filed a motion to dismiss Interstate's complaint with prejudice, such motion being granted on March 26, 1976. The court referred to the rationale of the order of December 5, 1974, as being controlling and stated that there was no just reason to delay the enforcement or appeal of this order or the order of December 5, 1974.

Interstate appeals from the orders of March 26, 1976 and December 5, 1974 with the sole issue presented for review being a construction of sections 154 and 4 of the Insurance Code (Ill. Rev. Stat. 1973, ch. 73, pars. 766 and 616).

The administrators of the estates of the three passengers have filed a motion to dismiss this appeal. Their argument is that neither Supreme Court Rule 304 nor 308 (Ill. Rev. Stat. 1975, ch. 110A, pars. 304 and 308) has been complied with, thus this court lacks jurisdiction to hear the appeal. Supreme Court Rule 304(a) states in part as follows:

"If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal." Ill. Rev. Stat. 1975, ch. 110A, par. 304.

■■ A judgment is final if it disposes of the rights of the parties, either on the entire controversy or a separate branch of it. (*Deckard v. Joiner*, 44 Ill. 2d 412, 255 N.E.2d 900, *cert. denied*, 400 U.S. 941, 27 L. Ed. 2d 244, 91 S. Ct. 232.) The trial court dismissed Interstate's third-party complaint with prejudice and specifically found that there was no just reason to delay the enforcement or appeal of the order. This is clearly a final and appealable order. The motion to dismiss the appeal is denied.

■■■ While it was not brought to this court's attention by the parties to this appeal, we note that we lack jurisdiction to review the trial court's order granting plaintiff's motion to strike Interstate's affirmative defense. Inclusion of a Rule 304 special finding in the trial court's order cannot confer appellate jurisdiction if the order is in fact not final. (*Crane Paper Stock Co. v. Chicago & Northwestern Ry. Co.*, 63 Ill. 2d 61, 344 N.E.2d 461.) An order is not final if the court retains jurisdiction for future determination of matters of substantial controversy. (*People ex rel. Clark v. Thompson*, 12 Ill. App. 3d 378, 298 N.E.2d 765; *Joliet Federal Savings & Loan Association v. O'Hare International Bank*, 12 Ill. App. 3d 1012, 299 N.E.2d 350.) The trial court in this case still has before it a determination of the possible liability of Interstate to plaintiff. The striking of the affirmative defense did not end the controversy between those parties, thus this court has no jurisdiction to review the order to strike.

The sole issue before this court is whether section 4 (class 3(d)) of the Insurance Code (Ill. Rev. Stat. 1973, ch. 73, par. 616 (class 3(d))) includes in its coverage the private use of aircraft. While the category "aircraft" is specifically mentioned in the subsection in question, it is also mentioned in other subsections of section 4, *i.e.*, section 4 (class 2(b)) and section 4 (class 3(e)) (Ill. Rev. Stat. 1973, ch. 73, par. 616 (class 2(b)) and (class 3(e))). In construing a portion of a statute, the whole of the statute is read, not a provision in isolation. (*Chrysler Credit Corp. v. Ross*, 28 Ill. App. 3d 165, 328 N.E.2d 65.) Section 4 of the Insurance Code sets out different classifications of insurance business: Class 1 is Life, Accident and Health;

class 2 is Casualty, Fidelity and Surety; and class 3 is Fire and Marine, etc. Within class 3 is subsection (d), Marine and Transportation.

■■ The Annotating Committee of the Section on Insurance Law of the Illinois State Bar Association has defined Marine Insurance in the Illinois Insurance Code Annotated 12 (1939), as follows:

> "A contract whereby the insurer indemnifies the insured from loss or damage to the insured's interest in described property from specific perils during the transit of the property * * *. Couch on Insurance, sec. 38 * * *."

Couch on Insurance was used extensively by the Annotating Committee as a source of background material as to the history and classification of marine and transportation insurance. "Marine" insurance contemplates the shipping of goods on the ocean or inland waterways as well as the use of the railroads and highway in conjunction with sea transit. See Couch on Insurance § 1:77 (1959); Appleman, Insurance Law & Practice § 2104 (1969).

"Transportation" insurance is generally regarded as protection for the owner of property being transported. (*Couch*, § 1:106.) The commercial aspects of these types of insurance are readily apparent upon an examination of the history of the terms "marine" and "transportation" insurance.

■■ It is well settled that in the absence of statutory definitions indicating a different legislative intention, the courts will assume that words have their ordinary and popularly understood meanings. (*Farrand Coal Co. v. Halpin*, 10 Ill. 2d 507, 140 N.E.2d 698.) Since "marine" and "transportation" insurance are not clearly defined in the Insurance Code, this court construes the terms to include in their meaning the commercial aspects normally associated with marine and transportation insurance.

■■ The aim of statutory construction is to ascertain the legislative intent by examining not only the language employed, but the objective sought to be accomplished. (*People v. Ashford*, 17 Ill. App. 3d 592, 308 N.E.2d 271.) The special rule in marine insurance as to voiding policies entered into under fraud or misrepresentation is based on a policy consideration that often the means of conveyance (boat, ship, etc.) cannot be inspected by the insurer. (See Rodda, Inland Marine and Transportation Insurance (2d ed. 1958).) Section 154 of the Illinois Insurance Code (Ill. Rev. Stat. 1973, ch. 73, par. 766) states that marine and transportation policies are excepted from the requirement that misrepresentations and false warranties need to be apparent on the face of the policy or attached to it for an insurer to void it on those grounds. This section is a codification and extension of the common law giving added protection to those insurers shipping goods on the high seas. Read

in light of the commercial background of marine and transportation insurance, section 4 (class 3(d)) (Ill. Rev. Stat. 1973, ch. 73, par. 616 (class 3(d))) refers to commercial "vessels, craft, aircraft, vehicles of every kind ✷ ✷ ✷."

Exceptions or provisos found in a statute are to be strictly construed. (*People v. Chas. Levy Circulating Co.*, 17 Ill. 2d 168, 161 N.E.2d 112.) By properly restricting "marine and transportation" insurance to policies of a commercial nature we are upholding the common law policy as envisioned by the legislature in the Insurance Code of 1937.

■■ While the term "aircraft" is included in several different classifications of insurance, the section on "marine and transportation" insurance is restricted to commercial situations. This leaves the other types of insurance coverage on aircraft to be included in the two remaining categories: class 2(b) and class 3(e) of section 4. Class 2(b) appears to give broad coverage to the property and person of those involved in aircraft mishaps. Class 3(e) covers liability to every loss except the personal injury or death of anyone involved. Aircraft "hull" insurance has in other jurisdictions been likened to automobile collision insurance. (See Annot., 48 A.L.R.3d 1120, 1125 n. 4 (1973).) This court accepts that comparison.

The trial court ruled that aircraft "hull" insurance was covered by section 4 (class 3(e)) of the Illinois Insurance Code (Ill. Rev. Stat. 1973, ch. 73, par. 4 (class 3(e))) and therefore it was not in the nature of marine or transportation insurance. Since we have construed the terms "marine and transportation" to refer to commercial situations, and the incident on which this case is based was a noncommercial one, it matters not whether aircraft "hull" insurance is covered under class 2(b) or class 3(e) as the trial court must be affirmed · in either case. See *City of Rockford v. Maxwell*, 92 Ill. App. 2d 336, 234 N.E.2d 563; *Mansur v. Eugene Luhr Co.*, 84 Ill. App. 2d 403, 228 N.E.2d 265.

For the foregoing reasons, the orders of the trial court on the motions to dismiss the counterclaim and to dismiss the third-party claim for declaratory judgment are affirmed.

Affirmed.

KARNS and EBERSPACHER, JJ., concur.