REINHARD J. MILLER et al., Plaintiffs, v. GEORGE BLOOMBERG et al., Defendants.—(REINHARD J. MILLER et al., Plaintiffs-Appellees; WILLIAM BERG et al., Plaintiffs-Appellants.)

Second District   No. 77-24

Opinion filed May 22, 1978.

Allen S. Greene, of Wheaton, for appellants.

Edward T. Graham and Gordon W. Learn, both of Glen Ellyn, for appellees.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

A suit seeking specific performance of an option to purchase leased real estate improved with an automotive service facility was filed in the names of Reinhard J. Miller, Susan Miller, William Berg, Jeannette Berg, and Tri-R Automotive Service Center, Inc., against the owners of the property. The plaintiffs in that suit obtained a summary judgment on July 2, 1973, allowing them to purchase for the "prevailing market price," as stated in the contract. On the owners' appeal we affirmed and remanded for proof to establish the purchase price. *Miller v. Bloomberg*, 26 Ill. App. 3d 18 (1975).

Upon remand William Berg and Jeannette Berg sought a voluntary dismissal of the suit alleging that it had been prepared and filed without their knowledge or consent; alleging in the alternative that if they did consent they now recant. The trial court granted the motion and dismissed the action pursuant to section 52 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 52). However, within 30 days, the court on its

own motion vacated the dismissal order and reinstated the Bergs as parties-plaintiff. On that same day the Bergs filed a section 72 action (Ill. Rev. Stat. 1975, ch. 110, par. 72) to vacate the original judgment of July 2, 1973, for voidness. The motion was dismissed and the Bergs appeal.

The Bergs contend that the court was without authority to vacate the voluntary dismissal order and to reinstate them as parties-plaintiff. They also argue that the judgment was void and that the court therefore erred in dismissing their section 72 petition for failure to file within the two-year statutory period.

We conclude that the court possessed the authority to vacate the voluntary dismissal but that it erred in dismissing the section 72 petition without an evidentiary hearing.

■■■ Section 52 provides for a voluntary dismissal of a party-plaintiff after a hearing or trial has commenced; and the disposition of the motion when proper grounds are stated is a matter within the trial court's discretion. (See, *e.g., Bauman v. Advance Aluminum Castings Corp.,* 27 Ill. App. 2d 178, 184 (1960).) The fact that the motion was not made until the case was on remand does not change the rule. (See *Hough v. Harvey,* 84 Ill. 308, 310 (1876).) The party who takes a voluntary nonsuit or dismissal is equitably estopped from thereafter vacating the order of dismissal or reinstating the cause, unless he has been given leave to reinstate at the time of the dismissal, and his only recourse is to commence a new action. *Weisguth v. Supreme Tribe of Ben Hur,* 272 Ill. 541, 543 (1916). See also *Davis v. Robinson,* 374 Ill. 553, 556 (1940).

*Nahslund v. Sabade,* 39 Ill. App. 3d 139 (1976), relied upon by the Bergs as authority, does not support their claim that the court loses jurisdiction to reinstate in all circumstances, however. The rationale for the rule that a plaintiff may not invoke the authority of the court to reinstate after a voluntary dismissal is expressed in *Weisguth v. Supreme Tribe of Ben Hur,* 272 Ill. 541, 543 (1916):

> "In case of a voluntary non-suit upon motion of a plaintiff the court has no power to set aside the order of dismissal and re-instate the cause unless at the time the non-suit is taken leave is given the plaintiff to move to set it aside. (*Barnes v. Barber,* 1 Gilm. 401; *Lombard v. Cheever,* 3 id. 469.) The reason for this rule is apparent. If a plaintiff by his deliberate and voluntary act secures the dismissal of his suit he must be held to have anticipated the effect and necessary results of this action and should not be restored to the position and the rights which he voluntarily abandoned. Having taken a non-suit, his only recourse is to begin his action anew."

This reasoning has no application where the court on its own motion or on the motion of a defendant vacates the dismissal order.(See *Galeener v.*

*Hessel,* 292 Ill. App. 523, 526-27 (1937); *Smith v. Monumental Life Insurance Co.,* 301 Ill. App. 217, 218-19 (1939). *Cf. Davis v. Robinson,* 374 Ill. 553, 556 (1940).) This conclusion is consistent with the common law rule that a trial court on its own motion may set aside any judgment or order during the pendency of the term or its equivalent. *Barnard v. Michael,* 392 Ill. 130, 135 (1945); *Krieger v. Krieger,* 221 Ill. 479, 484 (1906). See also Ill. Rev. Stat. 1975, ch. 110, par. 68.3.

■■ In this case the trial court had the inherent power to vacate the prior order of voluntary dismissal on its own motion. We also conclude that the trial court did not abuse its discretion in doing so for the reason that the Bergs appeared to be necessary parties in this action and the court had no way to know whether the signature of the Bergs on the original complaint was a forgery or not. Under these facts the trial court's action could not be considered an abuse of discretion. See, *e.g., Smith v. Monumental Life Insurance Co.,* 301 Ill. App. 217, 218-19 (1939).

■■ The fact that there was the unresolved question of whether the Bergs had signed the complaint or had otherwise authorized the litigation, however, requires the result that they be given an opportunity to contest this issue at an evidentiary hearing based on their section 72 petition.

■■ In that petition the Bergs allege, "that your petitioners have never participated in this cause of action in any manner, and they were unaware of the pendency hereof until May 28, 1976, when they first learned of the pendency of this action from one of the defendants, George Bloomberg." The Millers filed a section 48 motion (Ill. Rev. Stat. 1975, ch. 110, par. 48) which, of course, admitted all well-pleaded facts in the Bergs' petition. (See, *e.g., Loughman Cabinet Co. v. C. Iber & Sons, Inc.,* 46 Ill. App. 3d 873, 876 (1977).) If, as the Bergs have pleaded, they first learned of the law suit on May 28, 1976 (which would imply that their signatures on the original complaint were forgeries) then the decree of July 2, 1973, would obviously be void as to them since "* * * it is the general rule that the interests of parties not before the court are not bound by a decree." (*Filosa v. Pecora,* 18 Ill. App. 3d 123, 128 (1974).) It is also clear, of course, that a void decree may be attacked at any time by the parties themselves or by any person who is affected thereby (*Safeway Insurance Co. v. Harvey,* 36 Ill. App. 3d 388, 392 (1976); *Reagan v. Reagan,* 22 Ill. App. 3d 211,213 (1974)) and the two-year period provided in section 72 for bringing the action is not applicable where relief is sought from a void decree, although the equitable defense of laches may be interposed. *James v. Frantz,* 21 Ill. 2d 377, 383 (1961). See also Ill. Rev. Stat. 1975, ch. 110, par. 72(6); *Chapman, Mazza, Aiello, Inc. v. Ace Lumber & Construction Co.,* 83 Ill. App. 2d 320, 328 (1967).

We therefore reverse and remand the cause. If on remand in the taking of evidence it appears that the Bergs had nothing to do with the instant action at any time from its inception until they learned of the pendency of

this cause on May 28, 1976, then the trial court will enter a decree declaring the judgment of July 2, 1973, void as to the Bergs and, if it should appear to the court that the parts of the decree are separable, the remainder of the decree would stand. (*Chapman, Mazza, Aiello, Inc. v. Ace Lumber & Construction Co.*, 83 Ill. App. 2d 320, 335 (1967).) If, however, the evidentiary hearing reveals that the Bergs voluntarily and knowingly signed the original complaint but did nothing further the judgment would be valid and binding on them and they may not rely on section 72 to relieve them from the consequences of any negligence in following the case thereafter. See *Wayne v. Thompson*, 18 Ill. App. 3d 908, 910 (1974).

Reversed and remanded with directions.

BOYLE and WOODWARD, JJ., concur.