DENNIS F. WEILMUENSTER, Plaintiff, *v.* H. H. HALL CONSTRUCTION COMPANY *et al.*, Defendants and Third-Party Plaintiffs-Appellees.—(THE ILLINOIS BEN HUR CONSTRUCTION COMPANY, Third-Party Defendant-Appellant.)

Fifth District   No. 78-405

Opinion filed May 21, 1979.

Robert W. Wilson and Ross T. Anderson, both of Burroughs, Simpson, Wilson, Hepler & Broom, of Edwardsville, for appellant.

Robert W. Schmieder, of Wagner, Bertrand, Bauman & Schmieder, of Belleville, for appellees.

Mr. JUSTICE KASSERMAN delivered the opinion of the court:

Plaintiff, Dennis F. Weilmuenster, brought an action for damages against the defendants, third-party plaintiffs H. H. Hall Construction Company, Ben Hur Construction Company and The Ben Hur, a joint venture. Plaintiff was an ironworker employed by The Illinois Ben Hur Construction Company to assist in certain structural steel repair work of a bridge. He was injured in the course of his work and filed an action

against the defendants alleging violation of the Illinois Structural Work Act (Ill. Rev. Stat. 1977, ch. 48, par. 60 *et seq.*).

Defendants brought a third-party action against the Illinois Ben Hur Construction Company for indemnification. Illinois Ben Hur, third-party defendant, filed a motion to sever the third-party action from plaintiff's claim. Defendants did not oppose the motion; however, plaintiff objected to the motion, whereupon it was denied at a May 3, 1978, hearing. Defendants, third-party plaintiffs, immediately made an oral motion to dismiss, without prejudice, their third-party complaint against Illinois Ben Hur. This motion was not objected to by Illinois Ben Hur and was granted. The court entered an order denying the third-party defendant's motion to sever but granting the third-party plaintiffs' motion to dismiss. The May 3, 1978, order was also signed "by agreement" by counsel for the third-party plaintiffs and third-party defendant. It provided, in part: "Third party plaintiff moves to dismiss 3d party action without prejudice. Motion allowed, 3d party complaint dismissed in accord therewith, written motion as to said dismissal to be filed herein." The written "motion to dismiss third party complaint" was subsequently filed on May 8, 1978. As in the May 3 oral motion, it simply requested that the third-party complaint be dismissed without prejudice. On May 8, 1978, the trial began on plaintiff's claim. The jury returned a verdict of $300,000 for the plaintiff and against the defendants on May 11. A satisfaction of judgment was subsequently filed on June 21, 1978.

On May 24, 1978, within 30 days of the May 3 order dismissing the third-party complaint without prejudice, defendants filed a motion to reinstate the third-party complaint and set aside the May 3 order of dismissal. The court entered an order granting the motion on June 27, 1978, finding that it had jurisdiction and that "no party would be prejudiced by reinstatement of the third party complaint." The third-party complaint was filed July 12, 1978. On July 25, 1978, the third-party defendant, Illinois Ben Hur, filed a motion to amend the June 27 order to include a written finding, pursuant to Supreme Court Rule 304, that there was no just reason to delay enforcement or appeal. This motion was presented *ex parte* and granted *nunc pro tunc*. The third-party defendant thereupon filed its notice of appeal on July 25, 1978.

The Illinois Ben Hur Construction Company raises one issue on appeal, whether the circuit court had the authority to set aside the prior voluntary dismissal and reinstate the third-party complaint on June 27 where the prior May 3 order of dismissal without prejudice was without limitation or qualification. The defendants, third-party plaintiffs, have filed a motion to dismiss the appeal which we have ordered taken with the case. They allege that the order of June 27 vacating the voluntary

dismissal and reinstating the third-party complaint is not a final and appealable order.

Appellant relies principally on the seminal case of *Weisguth v. Supreme Tribe of Ben Hur*, 272 Ill. 541, 112 N.E.2d 350 (1916). In *Weisguth*, plaintiff was a beneficiary of a benefit certificate issued by the defendant to plaintiff's sister. Upon the death of her sister defendant refused to pay the amount of the certificate and plaintiff brought suit. At the close of plaintiff's evidence she made a motion for a nonsuit and the suit was dismissed. Thereafter, during the term of the court, the case was reinstated and a verdict rendered in favor of the plaintiff. A new trial was granted and a verdict was returned again for the plaintiff, and defendant appealed. On appeal defendant claimed that the court erred in setting aside the order of dismissal and reinstating the cause. In addressing this issue the supreme court commented:

> "In involuntary non-suits the court may, in its discretion, set aside the order of dismissal and re-instate the cause. In case of a voluntary non-suit upon motion of a plaintiff the court has no power to set aside the order of dismissal and re-instate the cause unless at the time the non-suit is taken leave is given the plaintiff to move to set it aside. (*Barnes v. Barber*, 1 Gilman, 401; *Lombard v. Cheever*, 3 id., 469.) The reason for this rule is apparent. If a plaintiff by his deliberate and voluntary act secures the dismissal of his suit he must be held to have anticipated the effect and necessary results of this action and should not be restored to the position and the rights which he voluntarily abandoned. Having taken a non-suit, his only recourse is to begin his action anew." (272 Ill. 541, 543, 112 N.E. 350, 351.)

This *Weisguth* rule has been cited by a plethora of cases to stand generally for the proposition that where a plaintiff takes a voluntary nonsuit, the court granting the dismissal loses jurisdiction to set aside the dismissal and reinstate the cause unless leave was granted at the time of dismissal to file a motion to set aside the order and reinstate the case. See, *e.g., Thompson v. Otis*, 285 Ill. App. 523, 2 N.E.2d 370 (1936); *Fulton v. Yondorf*, 324 Ill. App. 452, 58 N.E.2d 640 (1944); *Bettenhausem v. Guenther*, 388 Ill. 487, 58 N.E.2d 550 (1944); *People ex rel. Waite v. Bristow*, 391 Ill. 101, 62 N.E.2d 545 (1945); *Mayian v. Yellow Cab Co.*, 63 Ill. App. 2d 449, 211 N.E.2d 551 (1965); *Nashlund v. Sabade*, 39 Ill. App. 3d 139, 350 N.E.2d 90 (1976); *Miller v. Bloomberg*, 60 Ill. App. 3d 362, 376 N.E.2d 748 (1978); *People ex rel. Scott v. Police Hall of Fame, Inc.*, 60 Ill. App. 3d 331, 376 N.E.2d 665 (1978).

Neither appellees' oral motion to dismiss the third-party complaint without prejudice nor their subsequent written motion of May 8 requested leave to move to set aside the dismissal and reinstate the

complaint. Neither did the trial court's written order of May 3, 1978, grant or provide leave to the appellees to move to set aside the third-party complaint. Nevertheless, we do not find *Weisguth* controlling in this instance. On February 21, 1978, appellant filed a motion to sever the third-party action or alternatively to continue the trial date. The case was continued. On April 25, 1978, appellant filed a second motion to sever the third-party action. An amended motion to sever was filed May 2, 1978. The motion to sever was set for hearing on May 3. Only after the court denied appellant's motion to sever did the appellees move to dismiss the third-party complaint without prejudice. Appellant did not object to this motion; in fact, the court's order granting the motion to dismiss without prejudice reflects that both appellant and appellees agreed to the dismissal. We view this agreed-upon dismissal inapposite to *Weisguth*. See also *Nashlund v. Sabade*, 39 Ill. App. 3d 139, 350 N.E.2d 90 (1976).

■■ ■ The question we next address is whether the trial court had jurisdiction to enter the order granting appellees' motion to set aside the May 3 order of dismissal and reinstate the third-party complaint, and if it did, whether the court abused its discretion. Jurisdiction is simply the power of a court to hear and decide the subject matter in controversy (*Miller v. General Telephone Co.*, 29 Ill. App. 3d 848, 330 N.E.2d 573 (1975); *Baker v. Brown*, 372 Ill. 336, 23 N.E.2d 710 (1939); *Standard Accident Insurance Co. v. Industrial Com.*, 39 Ill. 2d 172, 233 N.E.2d 543 (1968).) Jurisdiction of the Illinois circuit courts is derived from article 6, section 9 of the Illinois Constitution of 1970, which provides, in part: "Circuit Courts shall have original jurisdiction of all justicable matters except when the Supreme Court has original and exclusive jurisdiction relating to redistricting of the General Assembly and to the ability of the Governor to serve or resume office." This jurisdiction will generally terminate upon passage of 30 days after entry of a final order or upon proper filing of a notice of appeal within the 30-day period (*e.g.*, *Klingman v. Levinson*, 21 Ill. App. 3d 883, 316 N.E.2d 111 (1974); *City of DeKalb v. Anderson*, 22 Ill. App. 3d 40, 316 N.E.2d 653 (1974)). The statutes and Supreme Court Rules demonstrate that in both civil and criminal cases the circuit court retains jurisdiction to reconsider judgments and orders within 30 days of their entry (*People v. Heil*, 71 Ill. 2d 458, 376 N.E.2d 1002 (1978); *Blaw-Knox Co. v. Eichleay Corp.*, 100 Ill. App. 2d 141, 241 N.E.2d 614 (1968) (abstract); *Goldstick v. Saporito*, 22 Ill. App. 3d 621, 317 N.E.2d 774 (1974); *Lectro-Stik Co. v. Stepco Corp.*, 19 Ill. App. 3d 900, 312 N.E.2d 385 (1974); *People v. Dzielski*, 130 Ill. App. 2d 581, 264 N.E.2d 426 (1970); *e.g.*, Ill. Rev. Stat. 1977, ch. 110, pars. 50(5), 68.1(3), 68.3(1), 72; ch. 110A, pars. 303(a), 604(d), 605(b)(2), 606(b); ch. 38, pars. 116—1, 116—2.) Therefore, within this 30-day period the court has the power to vacate an order of dismissal and reinstate the cause

*Spears v. Spears*, 52 Ill. App. 3d 695, 367 N.E.2d 1004 (1977). See also *Czyzewski v. Gleeson*, 49 Ill. App. 3d 655, 364 N.E.2d 557 (1977); *People v. McCloskey*, 2 Ill. App. 3d 892, 274 N.E.2d 358 (1971).) The court dismissed appellees' third-party complaint on May 3, 1978. On May 24, within 30 days, appellees' filed their motion to set aside the May 3 order and reinstate the third-party complaint. We find that the circuit court retained jursidiction to rule on this motion and enter its order on June 27, 1978.

■■ A motion to set aside a dismissal is addressed to the discretion of the trial court and its ruling will not be disturbed unless there is a clear abuse of discretion. (*Smith v. Monumental Life Insurance Co.*, 301 Ill. App. 217, 22 N.E.2d 399 (1939).) We find no abuse of discretion by the trial court. The appellant sought a severance of the third-party action and when it was denied, agreed to the dismissal without prejudice. We agree with the trial court's finding that no party would be prejudiced by the reinstatement under these circumstances.

■■■ Appellees contend that the June 27 order reinstating the third-party complaint is not a final and appealable order. The Supreme Court Rules provide that only a final judgment is appealable (Supreme Court Rules 301 and 303(a), Ill. Rev. Stat. 1977, ch. 110A, pars. 301 and 303(a); see also Ill. Const. 1970, art. 6, §6) unless it falls into an enumerated category which permits an interlocutory appeal (*e.g.*, Supreme Court Rules 307 and 308 (Ill. Rev. Stat. 1977, ch. 110A, pars. 307, 308)). A judgment is final if it terminates the litigation on the merits of the case and determines the rights of the rights so that if affirmed, the only thing remaining is to proceed to its execution. (*Peterson Bros. Plastics, Inc. v. Ullo*, 57 Ill. App. 3d 625, 373 N.E.2d 416 (1978).) In other words, a judgment is not final if the court retains jurisdiction for future determination of a substantial controversy. (*Smith v. Interstate Fire & Casualty Co.*, 47 Ill. App. 3d 555, 362 N.E.2d 38 (1977).) We believe that the trial court's order of June 27 vacating the order of dismissal and reinstating the third-party complaint was not final, and therefore not appealable, because it left the merits of the cause pending. (*Stoller Lumber Co. v. Cosmopolitan National Bank*, 101 Ill. App. 2d 431, 243 N.E.2d 485 (1968); *Dorbin v. Yellow Cab Co.*, 1 Ill. App. 3d 113, 273 N.E.2d 622 (1971); *cf., Underwood v. Yellow Cab Co.*, 131 Ill. App. 2d 449, 268 N.E.2d 254 (1971).) The fact that the June 27 order was amended pursuant to Supreme Court Rule 304(a) to find that there was no just reason to delay enforcement or appeal does not make the order final and appealable (*Smith v. Interstate Fire & Casualty Co.*, 47 Ill. App. 3d 555, 362 N.E.2d 38 (1977).) We note too that at the time the third-party complaint was reinstated and the court made the Rule 304 finding plaintiff's main action was no longer pending, the judgment was satisfied and no appeal had been taken.

■■ We conclude that the *Weisguth* case is inapposite to the present case.

In passing, we question those cases which hold under *Weisguth* that a court is deprived of "jurisdiction" to reinstate a voluntary dismissal filed within 30 days where plaintiff did not obtain leave of court to reinstate. The rationale expressed in *Weisguth* was that one should not be restored to the position and rights he voluntarily abandoned. One court has stated an individual is therefore "equitably estopped" from reinstating a cause. (*Miller v. Bloomberg*, 60 Ill. App. 3d 362, 376 N.E.2d 748 (1978).) In light of the 1970 Constitution, Supreme Court Rules and statutes, perhaps waiver, estoppel or terms of similar import may be the proper nomenclature to describe a case rule which prohibits one from being restored to a position he has abandoned. Since we find that the trial court retained jurisdiction to vacate its May 3 order of dismissal and reinstate the third-party complaint and did not abuse its discretion in so doing, the order reinstating the complaint was not a final and appealable order because it left the merits of the case pending. We therefore grant appellees' motion to dismiss the appeal.

Appeal dismissed.

G. MORAN, P. J., and KARNS, J., concur.